S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@AlvaradoSmith.com
JACOB M. CLARK (CA Bar No. 266630)
jclark@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
REAL VALUE PROPERTIES, LLC, REAL VALUE
LOANS, LLC, ALAN LEVY, LEONARD LEVY,
BRANDON TAITZ and JUSTIN DRUIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE F. ALFARO,<br><br>Plaintiff,<br><br>v.<br><br>REAL VALUE PROPERTIES, LLC;<br>REAL VALUE LOANS, LLC; ALAN<br>LEVY; LEONARD LEVY; BRANDON<br>TAITZ; JUSTIN DRUIAN; and DOES 1<br>to 20,<br><br>Defendants. | **CASE NO.:** 5:18-cv-01756-GW-SP<br><br>**JUDGE:** Hon. George H. Wu<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Request for Judicial Notice, [Proposed] Order]*<br><br>**DATE:** November 1, 2018<br>**TIME:** 8:30AM<br>**CTRM:** 9D, 9th Floor<br><br>**ACTION FILED:**  August 21, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS GIVEN that on November 1, 2018, at 8:30 AM. or as soon

thereafter as the matter can be heard in Courtroom  9D, 9th Floor, of the above-entitled

Court, located at 350 West 1st Street, Los Angeles, California, 90012, defendants Real

Value Properties, LLC ("RVP"), Real Value Loans, LLC ("RVL"), Alan Levy ("A.

Levy"), Leonard Levy ("L. Levy"), Brandon Taitz ("Taitz") and Jordan Druian

("Druian," and collectively "Defendants"), will move the court to dismiss the action

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

without leave to amend, pursuant to Federal Rules of Civil Procedure ("FRCP") §12(b)(6) on the grounds that the Complaint of plaintiff Jose F. Alfaro ("Plaintiff") fails to state a claim upon which relief can be granted. This motion is based on the following grounds:

1. The claim for "Unfair Trade Practices Involving Non-Compliance, 15 USC Sections 1601" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2. The claim for "Disclosure Violation Pursuant to 14 U.S.C. 1635" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3. The claim for "Missing Statements Violation, Pursuant to 15 U.S.C. Section 1639" fails to state facts sufficient to constitute a claim for relief against RVL, A. Levy, L. Levy, Taitz, and Druian pursuant to FRCP 12(b)(6).

4. The claim for "Missing Disclosure Statements Violation, Pursuant to 15 U.S.C. Section 1638" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

5. The claim for "Disclosure Violations, Pursuant to Title 12 Code of Federal Regulations Section 226" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

6. The claim for "Right to Rescind Violations, Pursuant to Title 12 Code of Federal Regulations Section 226" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

7. The claim for "Right to Cancel Violations, Pursuant to Title 12 Code of Federal Regulations Section 226" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

8. The claim for "Deceptive Grouping Violations, Pursuant to Title 12 Code of Federal Regulations Section 226" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

9. The claim for "No Good Faith Estimate Violations Pursuant to Title 12

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Code of Federal Regulations Section 226" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

10. The claim for "Consumer Statement Missing Violations, Pursuant to Title 12 Code of Federal Regulations Section 226" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

11. The claim for "Disclosure Violations, Pursuant to Title 15 U.S.C. Section 1601, Et. Seq. and Regulation Z" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

12. The claim for "Failure to Disclose Calculation of Mortgage Balance, Pursuant to Title CFR Section 226.4" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

13. The claim for "Failure to Disclose Itemization of Charges, Pursuant to Title 12 USC 2610" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

14. The claim for "Inflation of Acceleration Fees, in Violation of Title 12 USC Section 2610" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

15. The claim for "Failure to Disclose Date, in Violation of Title USC Section 2610" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

16. The claim for "Failure to Provide Copies of Mortgage, in Violation of 15 USC Section 1601" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

17. The claim for "Failure to Obtain Signed Loan Documents, in Violation of 15 USC Section 1601, et. seq. and Title 12, Regulation Z, Part 226" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

18. The claim for "Failure to Disclose Use of Settlement Fees in Violation of Title 12, Regulation Z and 15 USC Section 1601" fails to state facts sufficient to

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT

constitute a claim for relief pursuant to FRCP 12(b)(6).

19.   The claim for "Failure to Disclose Lower Interest Rate, in Violation of 12 USC Section 2601" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

20.   The claim for "Failure to Disclose Loan Origination Fee, in Violation of 12 USC Section 2601" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

21.   The claim for "Failure to Give 3 Day Cooling Period, in Violation of 15 USC Section 1601 and Regulation Z" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

22.   The claim for "Failure to Give Conspicuous Writings, in Violation of 15 USC Section 1601 and Title 12 Code of Federal Regulations, Section 226.18" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

23.   The claim for "Failure to Give Proper Notice of Default and Right to Cure and Acceleration Notice, in Violation of 12 USC 2601, 15 USC 1601 and Title 12 Code of Federal Regulations, Section 226.18" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

24.   The claim for "Violation of Failure to Disclose Interest Rate Pursuant to Regulation Z, Part 226.4" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

25.   The claim for "Violation of Mortgage Reform and Anti-Predatory Lending Act Pursuant to Dodd-Frank, Title XIV" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

26.   The claim for "Injunctive Relief" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice and the pleadings and papers filed.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT

Counsel for Defendants met and conferred with Plaintiff on September 12, 2018, through a letter sent via email and overnight mail regarding the grounds for this Motion to Dismiss.  On September 17, 2018, counsel for Plaintiff sent a letter via email and overnight mail disputing Defendant's position.  As such, the parties have not reached a stipulation pertaining to the matters herein; thus, necessitating the instant Motion.  Therefore, Defendants' counsel has met the requirements of Local Rule 7-3.  *See* Local Rule 7-3.

DATED:  September 19, 2018                    ALVARADOSMITH
                                             A Professional Corporation


                                             By:   _/s/_____
                                                   S. CHRISTOPHER YOO
                                                   JACOB M. CLARK
                                                   Attorneys for  Defendants
                                                   REAL VALUE PROPERTIES, LLC,
                                                   REAL VALUE LOANS, LLC, ALAN
                                                   LEVY, LEONARD LEVY, BRANDON
                                                   TAITZ and JUSTIN DRUIAN

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

4696971.2 -- N1728.2SB

# TABLE OF CONTENTS

Page

I.    SUMMARY OF ARGUMENT.........................................................1

II.   SUMMARY OF RELEVANT FACTS..............................................2

III.  STANDARD FOR MOTION TO DISMISS ...................................3

IV.   PLAINTIFF'S "COUNT 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13,15, 16, 17, 18, 21, 22, 23 and 24" FAIL AS ALLEGED AGAINST RVL, A. LEVY, L. LEVY, TAITZ AND DRUIAN ...................................................3

V.    PLAINTIFF'S "COUNT 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13,15, 16, 17, 18, 21, 22, 23 and 24" FOR DAMAGES FOR ALLEGED TILA VIOLATIONS FAIL ...............................................................5

    A.   Plaintiff's "Count 3" is the Only Claim that Survives the Pleading Stage Only as Asserted Against RVP ...................................8

VI.   PLAINTIFF'S "COUNT 2" FOR RESCISSION BASED ON 15 U.S.C. § 1635 FAILS ...........................................................................9

VII.  PLAINTIFF'S "COUNT 13, 14, 15, 19, 20 and 23" FOR DAMAGES FOR ALLEGED RESPA VIOLATIONS FAIL ...........................10

    A.   Plaintiff Does Not Have Private Right of Action under 12 U.S.C. § 2610 ...............................................................................10

    B.   Plaintiff's Claim under Section 12 U.S.C. § 2607 is Barred by the Statute of Limitations ...........................................................13

VIII. PLAINTIFF'S "COUNT 25" FOR FAILS ...................................14

IX.   PLAINTIFF'S "COUNT 26" FOR "INJUNCTIVE RELIEF" FAILS ........14

X.    CONCLUSION ...................................................................16

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1

4696971.2 -- N1728.2SB

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Alexander v. Sandoval* 532 U.S. 275, 290 (2001) ...............................11

*Allison v. Liberty Sav.* 659 F.2d 1086 (7th Cir. 1982)............................12

*Amina v. WMC Finance Co.,* -- F.Supp.3d --, 2018 WL 3312955, *16 (D. Haw. Jul. 7, 2018)..................................................................................7

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007)................................3

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-1046 (9th Cir. 2011)..............................................................................5,8

*Croskrey v. Ocwen Loan Servicing LLC*, 2015 WL 12684341, *12 (C.D. Cal. May 22, 2015)........................................................................10

*Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 682 n.1 (D. Md. 2001)..................................................................15

*Garcia v. Wachovia Mortg. Corp.*, 676 F.Supp.2d 895, 905 (C.D. Cal. 2009).....5, 7

*Hilton v. Washington Mut. Bank,* 2010 WL 727247, *6 (N.D. Cal. Mar. 1, 2010)5, 7

*Holt v. First Franklin Financial Corp.* 2011 WL 4595195, *3 (N.D. Cal. Sept. 30, 2011)...............................................................................13

*Holt v. Franklin Financial Corp.* 2011 WL 4595195, *2 (N.D. Cal. Sept. 30, 2011);

*Hubbard v. Fidelity Federal Bank*, 91 F.3d 75 (9th Cir. 1996)................................6

*King v. State of Cal.,* 784 F.2d 910 (9th Cir. 1986)....................................5

*Marine Ins. Co. v. Vedatech Intern., Inc.*, 245 Fed.Appx. 588, 591 (9th Cir. 2007)14

*McAnaney v. Astoria Financial Corp.* 357 F.Supp.2d 578 (E.D.N.Y. 2005) .........13

*Merritt v. Countywide Financial Corp.* 759 F.3d 1023 (9th Cir. 2014)..................14

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004)...........................................................15

*Production Co. v. Village of Gambell*, 480 US 531, 542 (1987)............................15

*Snow v. First American Title Ins. Co.* 332 F.3d 356 (5th Cir. 2003); *see also* 12 U.S.C. § 2614 ...................................................................................13

*State of La. v. Litton Mortg. Co.* 50 F.3d 1298 (5th Cir. 1995)............................12

*Taylor v. Brighton Corporation*, 616 F.2d 256 (6th Cir. 1980). .............................11

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4696971.2 -- N1728.2SB

*Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) ...........................................................................................11

*Vega v. First Federal Sav. & Loan Ass'n Detroit* 622 F.2d 918 ...........................10

*Walker v. Bankers Life & Cas. Co.*, No. 06 C 6906, 2007 WL 967888, at *4 (N.D. Ill. March 28, 2007) ...........................................................................................15

*Weick v. CIT Group, Inc.* 308 F.Supp.3d 1093, 1131 (D. Haw. 2018) ....................7

**Statutes**

12 U.S.C. § 2607 ..................................................................................11, 13, 15

12 U.S.C. § 2608 ...........................................................................................11

12 U.S.C. § 2609 ...........................................................................................12

12 U.S.C. § 2610 ..................................................................................10, 11, 14

12 U.S.C. § 2614 .......................................................................................12, 14

15 U.S.C. § 1601 ........................................................................................3, 5, 14

15 U.S.C. § 1602 ..........................................................................................4, 9

15 U.S.C. § 1635 ............................................................................................9

15 U.S.C. § 1639 .......................................................................................1, 8, 16

15 U.S.C. § 1640 ...................................................................................3, 4, 5, 6, 8

15 U.S.C. § 2605 ...........................................................................................11

15 U.S.C. § 2607 ...........................................................................................11

**Rules**

Federal Rules of Civil Procedure ("FRCP") §12(b)(6) ............................................1

**Regulations**

12 CFR § 226.18(f)(1) (1983) ............................................................................6

12 CFR § 545.33(f)(7) (1986) ............................................................................6

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Real Value Properties, LLC ("RVP"), Real Value Loans, LLC ("RVL"), Alan Levy ("A. Levy"), Leonard Levy ("L. Levy"), Brandon Taitz ("Taitz") and Jordan Druian ("Druian," and collectively "Defendants") submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the Complaint of plaintiff Jose F. Alfaro ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP") §12(b)(6) ("Motion") on the ground that the Complaint fails to state a claim upon which relief can be granted.

## **I.   SUMMARY OF ARGUMENT**

In connection with a commercial loan obtained for the purchase of a residential real property, Plaintiff now brings this lawsuit against Defendants claiming numerous violations of the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA").  The overarching narrative of Plaintiff's Complaint is that Defendants wrongfully made Plaintiff enter into a "business loan" instead of a "residential loan."  While Defendants dispute the merits of this claims, the fact is that Plaintiff's contentions of violations of TILA and RESPA fail as asserted against Defendants because (1) Plaintiff has no right to rescissions, (2) almost all of Plaintiff's claims are barred by the applicable statute of limitations, (3) Plaintiff does not have a private right of action under some the federal statutes that form the basis of his claims, and (4) most of the defendants cannot be held liable for the alleged violations asserted in the Complaint.

For the purposes of this Motion at the pleading stage, Defendants concede (*without any concessions on the merits*) that the only claim that can proceed pass the pleading stage is "Count 3" for an alleged violation of 15 U.S.C. § 1639 only against RVP.  However, all other claims against RVP should be dismissed as well as the entire Complaint against RVL, A. Levy, L. Levy, Taitz and Druian.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1

## II.     SUMMARY OF RELEVANT FACTS

As expressly states in the Complaint, Plaintiff has brought this lawsuit against Defendants for specifically two reasons, rescission and damages:

> (1)  "This is an action for rescission of an illegal and void Mortgage and Note to Plaintiff's Property.  This purported mortgage and note, and the actions taken by Defendants contain unfair trade practices and predatory lending practices." *See* Complaint, ¶ 16; and
>
> (2)  "Plaintiff also seeks recovery for damages for non-disclosure of Plaintiff's right to cancel, non-disclosure of certain TILA, RESPA, TIRA, Dodd Franklin, rights to produce periodic mortgage statements, failure to produce documents and forms in Spanish language and other federal requirements." *See* Complaint, ¶ 17.

The real property that is the subject of this action is located at 559 Elm Park Avenue, Rialto, California 92376 ("Subject Property").  *See* Complaint, ¶ 33.  Plaintiff alleges that when the opportunity came to purchase the Subject Property, he obtained assistance from Defendants.  *Id*.  As alleged in the Complaint, on "March 8, 2017, defendant RVP extended hard money loan to Plaintiff in order to purchase the Property[.]"  *See* Complaint, ¶ 37.

The Long Form Deed of Trust and Assignment that was recorded on March 15, 2017, with the San Bernardino County Recorder's Office as document number 2017-0112225 ("DOT") states:

> This Deed of Trust, made on March 8, 2017, between Jose F. Alfaro., a single man, whose address is 357 S. Primrose Avenue Rialto, CA 92376, herein called Trustor, and Lawyers Title Company, herein called Trustee, and Real Value Properties LLC, a California limited liability company, herein called Beneficiary.

*See* Request for Judicial Notice ("RJN"), Exhibit 1. The DOT further states that Subject Property is being granted, transferred and assigned to the Trustee in trust for the purposes of securing the loan in the principal sum of $243,750 ("Loan").  *Id*.

In the Complaint, Plaintiff claims that the Loan was never meant for business purposes, but was meant to be residential loan.  *See* Complaint, ¶ 71.  Plaintiff alleges

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

in purchasing the Subject Property that he "needed a castle, so he can call home and he can return to after a long day at work." *See* Complaint, ¶ 62. However, curiously absent from the Complaint are any allegations that Plaintiff is either presently using or has ever used the Subject Property as his primary residence. Indeed, it should be noted that the DOT states that Plaintiff's residence is "357 S. Primrose Avenue Rialto, CA 92376" and not the Subject Property. *See* RJN, Exhibit "1." In short, the subject loan was not a residential loan but a commercial loan.

## III.   STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* For the foregoing reasons, Plaintiff has substantially failed to meet this standard.

## IV.   PLAINTIFF'S "COUNT 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13,15, 16, 17, 18, 21, 22, 23 and 24" FAIL AS ALLEGED AGAINST RVL, A. LEVY, L. LEVY, TAITZ AND DRUIAN

The above enumerated claims all relate to alleged violations of the TILA, either under 15 U.S.C. § 1601, *et seq.*, or Regulation Z. *See* Complaint, ¶¶ 100-176, 185-202. But, it is clear under 15 U.S.C. § 1640, that liability for these alleged violations cannot extend to either RVL, A. Levy, L. Levy, Taitz or Druian because none of them are the creditor for the Loan. The only creditor for the Loan is RVP.

At the outset, it can only be reasonably assumed that Plaintiff is alleging TILA violation against the above referenced defendants for the purposes of seeking

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

damages.  Indeed, a claim of rescission against these defendants would be nonsensical because only RVP has a beneficial interest in the Loan and DOT.  *See* RJN, Exhibit 1; Complaint, ¶ 37.

Claims for damages for alleged TILA violations is governed by 15 U.S.C. § 1640 ("Section 1640").  Specifically, Section 1640(a) states the following, in relevant parts:

> **Individual or class action for damages; amount of award; factors determining amount of award**
>
> Except as otherwise provided in this section, any *creditor* who fails to comply with any requirements imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is *liable to such person* in an amount equal to the sum of--

*See* 15 U.S.C. 1640(a) [emphasis added].  Thus, under the express language of Section 1640, only a creditor may be liable for its failure to comply with the requirements of TILA.

Further, 15 U.S.C. § 1602 provides a complete definition for the term "creditor" as used in Section 1640.  In particular, 15 U.S.C. § 1602(g) states as following, in relevant parts:

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, if there is no evidence of indebtedness, by agreement.

*See* 15 U.S.C. § 1602(g).

RVP is the only defendant that satisfies the definition of creditor under Section 1640.  Therefore, none of the other defendants can be liable to Plaintiff for the alleged TILA violations.  Accordingly, said claims fail against RVL, A. Levy, L. Levy, Taitz and Druian and, as such, should be dismissed with prejudice.

AlvaradoSmith
A Professional Corporation
Santa Ana

4

1

## V. PLAINTIFF'S "COUNT 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13,15, 16, 17, 18, 21, 22, 23 and 24" FOR DAMAGES FOR ALLEGED TILA VIOLATIONS FAIL

All of these claims seek damages for alleged violations and failure to make certain disclosures pursuant to 15 U.S.C. § 1601, *et seq.* (excluding 15 U.S.C. 1639) and Regulation Z under TILA. *See* Complaint, ¶¶ 100-103, 115-176, 185-202. However, these claims are barred under the applicable statute of limitations.

Section 1640(e) states, in relevant part, that "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year of the occurrence of the violation[.]" *See* 15 U.S.C. § 1640(e). As such, "[c]laims for damages, fees and costs based upon a TILA violation are governed by the one-year statute of limitations period provided by TILA." *See Garcia v. Wachovia Mortg. Corp.*, 676 F.Supp.2d 895, 905 (C.D. Cal. 2009). The limitation period begins "to run when the [borrowers] executed their loans documents, because they could have discovered the alleged disclosure violations and discrepancies at the time." *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011); *see also Hilton v. Washington Mut. Bank,* 2010 WL 727247, *6 (N.D. Cal. Mar. 1, 2010) ("A TILA violation occurs at the time the loan documents are signed…").

On the face of the Complaint, it is undeniable that the statute of limitations for Plaintiff's TILA violations has expired. Plaintiff alleges in the Complaint that the Loan was consummated in March 2017. *See* Complaint, ¶ 37; RJN, Exhibit 1. Because Plaintiff filed this lawsuit in August 2018, Plaintiff's Complaint is untimely.

It will be assumed that Plaintiff will argue that his alleged TILA violations are not barred by the statute of limitations under the doctrine of equitable tolling. In *King v. State of Cal.,* 784 F.2d 910 (9th Cir. 1986), the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") acknowledged the following regarding Section 1640(e):

> Although the Act may impute to borrowers the knowledge of their rights as consumers of credit, there may be situations

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

4696971.2 -- N1728.2SB

in which a borrower consummates his loan and passes a year
without knowing of his lender's fraud or nondisclosure.

*Id*. at 914.  Therefore, the Ninth Circuit held that equitable tolling is allowed for

claims of TILA violations, but only in certain situations:

> For the reasons, we hold that the limitations period in
> Section 1640(e) runs from the date of consummation of the
> transaction but that the doctrine of equitable tolling may, in
> the appropriate circumstances, suspend the limitations
> period until the borrower discovers or had reasonable
> opportunity to discover the fraud or nondisclosures that form
> the basis of the TILA action.  Therefore, as a general rule
> the limitations period starts at the consummation of the
> transaction.  The district courts, however, can evaluate
> specific claims of fraudulent concealment and equitable
> tolling to determine if the general rule would be unjust or
> frustrate the purpose of the Act and adjust the limitations
> period accordingly.

*Id*. at 915.  Thus, under the precedence of *King*, the presumption is that the statute of

limitations runs from the date the loan is consummated, unless the borrower alleges

sufficient grounds for equitable tolling.

In *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75 (9th Cir. 1996), the Ninth

Circuit further defined its holding in *King* and the limits on a borrower's claim of

equitable tolling:

> TILA's one-year statute of limitations, 15 U.S.C. § 1640(e),
> bars plaintiffs' claims that Fidelity failed to make
> appropriate initial disclosures under 12 CFR § 226.18(f)(1)
> (1983) and 12 CFR § 545.33(f)(7) (1986). Hubbard filed suit
> more than eight years after she obtained her loan, and the
> Humphreys joined suit six years after they obtained theirs.
> Hubbard argues the statute of limitations should have been
> tolled until she discovered "there were possible 'anomalies'
> or errors in her loan." *However, nothing prevented Hubbard*
> *from comparing the loan contract, Fidelity's initial*
> *disclosures, and TILA's statutory and regulatory*
> *requirements*.

*Id*. at 79 [emphasis added].  As such, the Ninth Circuit held that to assert equitable

tolling, the borrower has to allege more than the act of failing to disclose because the

borrower may always compare the disclosures he or she received to the TILA

disclosure requirements.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT

Accordingly, based upon the precedence of *King* and *Hubbard*, it is well-settled within the Ninth Circuit that the "mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations." *See Garcia, supra*, 676 F.Supp.2d at 906; *see also Amina v. WMC Finance Co.,* -- F.Supp.3d --, 2018 WL 3312955, *16 (D. Haw. Jul. 7, 2018) ("Moreover, the purported nondisclosures themselves cannot serve the basis to justify tolling.").

Additionally, a borrower must specifically allege a basis for equitable tolling. As explained by the district court in *Hilton*, "[w]hile the Court does have authority to equitably toll TILA damages claims, the complaint does not specify how plaintiff discovered the wrongdoing, nor does the TAC contain any allegations about how defendants engaged in fraudulent concealment." *See Hilton, supra,* 2010 WL 727247 at *6.

Moreover, as the District Court of Hawaii held in *Weick v. CIT Group, Inc.* 308 F.Supp.3d 1093, 1131 (D. Haw. 2018), the mere allegation of concealment of the nondisclosure is not sufficient to entitle the borrower to the benefit of equitable tolling:

> But equitable tolling is not appropriate. Wieck argues that equitable tolling applies because "Defendants actively concealed the force-placed insurance scheme and purposefully hid the fact that inflated and unnecessary premiums resulted from kickbacks and not the actual cost of insurance." Pl.'s Opp'n at 29, ECF No. 66. But "[t]his allegation is insufficient to satisfy equitable tolling ... because even if true, it established no more than the TILA violation itself." [citation omitted.] That is, "the Complaint pleads no facts indicating that Defendants prevented Plaintiff from discovering the alleged TILA violation or caused Plaintiff to allow the filing deadline to pass." [citation omitted.] Again, even if the amount and nature of the "cost" of the premium was not disclosed (something a TILA disclosure might have revealed), the fact that the premiums were being added to the loan balance—and, in that sense, that the credit terms were being changed—was fully disclosed and not actively concealed.

*Id.* at 1130.

Lastly, the Ninth Circuit has also found that a borrower not being able to speak

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

and/or read English is not grounds for equitable tolling.  In *Cervantes*, the Ninth Circuit held:

> The plaintiffs suggest that their TILA claim should have been tolled because Almendarez and Maximo speak only Spanish, but received loan documents written in English. However, the plaintiffs have not alleged circumstances beyond their control that prevented them from seeking a translation of the loan documents that they signed and received. Thus, the plaintiffs have not stated a basis for equitable tolling.

*See Cervantes, supra*, 656 F.3d at 1045-1046.

In the Complaint, Plaintiff has not pled any factual allegations that provide sufficient grounds for a claim of equitable tolling.  Accordingly, Plaintiff's claims for damages for alleged TILA violations are barred by the statute of limitations and should be dismissed with prejudice.

### A.   Plaintiff's "Count 3" is the Only Claim that Survives the Pleading Stage Only as Asserted Against RVP

For the purposes of clarity in this Motion, Plaintiff's "Count 3" for alleged violations of 15 U.S.C. § 1639 ("Section 1639") as alleged against RVP is not included in this Motion.  While it cannot be maintained against all other defendants for the reasons stated in Section IV of this Motion, RVP concedes that it falls outside of the statute of limitation argument raised above in Section V.  Although all other claims for damages in connection with alleged violations of TILA have a one-year statute of limitations, Section 1640(e) provides three years for an alleged violation of Section 1639:

> Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation.

*See* 15 U.S.C. § 1640(e).

Based upon the argument stated above and the foregoing arguments below, in granting this Motion, the only claim that would be able to pass the pleading stage

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT

1    would be Plaintiff's "Count 3" for an alleged violation of Section 1639 as asserted

2    against only RVP.

## VI.    PLAINTIFF'S "COUNT 2" FOR RESCISSION BASED ON 15 U.S.C. § 1635 FAILS

5         While the pleadings are somewhat disjointed and unclear, it appears that

6    Plaintiff for the purposes of this claim is seeking rescission under 15 U.S.C. § 1635

7    ("Section 1635") of TILA.  However, based upon the allegations in the Complaint,

8    Plaintiff does not have a right to rescind his Loan pursuant to Section 1635.

9         Under Section 1635, a lender is required "to disclose to a borrowers their right

10   to rescind or cancel transaction."  *See Holt v. Franklin Financial Corp.* 2011 WL

11   4595195, *2 (N.D. Cal. Sept. 30, 2011); 15 U.S.C. 1635(a).  If such disclosure is not

12   provided, then the borrower would have the right to rescind the transaction within

13   three years of consummation of the Loan.  *See* 15 U.S.C. § 1635(f).

14        By its own language, Section 1635 does not apply to a "residential mortgage

15   transaction" as defined under 15 U.S.C. § 1602(x).  *See* 15 U.S.C. § 1635(e)(1).  A

16   "residential mortgage transaction" is defined as follows:

> The term "residential mortgage transaction" means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

21   *See* 15 U.S.C. § 1602(x).  In sum, Section 1635 does not apply to purchase money

22   loans.

23        In the Complaint, Plaintiff specifically alleges that on "March 8, 2017,

24   defendant RVP extended hard money loan to Plaintiff *in order to purchase* the

25   Property[.]"  *See* Complaint, § 37 [emphasis added].  Indeed, Plaintiff repeats the

26   allegation that the Loan was for the purposes of purchasing the Subject Property.  *See*

27   Complaint, ¶ 33 ("When Plaintiff has an opportunity to purchase the property located

28   at 559 Elm Park Avenue, Rialto CA 92376, (the "Property"), the defendants offered to

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

9

help."), ¶ 63 ("Plaintiff wanted to buy it as his castle but was not able to obtain a conventional loan due to his credit being less than perfect."), ¶ 71 ("Defendants coerced Plaintiff in entering in a deal for alleged 'business purpose' when he was only trying to purchase a home as his personal resident.").

Accordingly, because Plaintiff is claiming that this Loan was a purchase money residential loan, this claim fails and should be dismissed with prejudice.

## VII.   PLAINTIFF'S "COUNT 13, 14, 15, 19, 20 and 23" FOR DAMAGES FOR ALLEGED RESPA VIOLATIONS FAIL

In the above referenced claims, Plaintiff vaguely asserts claims that Defendants allegedly violated RESPA, 12 U.S.C. 2601, *et seq.  See* Complaint, ¶¶ 153-164, 177-184, 193-198.  However, Plaintiff's claims fail as asserted against Defendants because either (1) Plaintiff does not have a private right of action or (2) the claimed violation is barred by the applicable statute of limitation.

### A.   Plaintiff Does Not Have Private Right of Action under 12 U.S.C. § 2610

In the Complaint, Plaintiff appears to claim that Defendants violated 12 U.S.C. § 2610 ("Section 2610").  But, such claims fail as a matter of law because Plaintiff does not have a private right of action under Section 2610.  *See Croskrey v. Ocwen Loan Servicing LLC*, 2015 WL 12684341, *12 (C.D. Cal. May 22, 2015) ("Nor does RESPA provide a private right of action for violations of 12 U.S.C. § 2610, which prevents lenders and servicers from imposing fees of RESPA or TILA disclosures [citations omitted.]").

In opposing this Motion, Plaintiff will claim that he has a private right of action pursuant to the U.S. Court of Appeals for the Sixth Circuit's ("Sixth Circuit") decision in *Vega v. First Federal Sav. & Loan Ass'n Detroit* 622 F.2d 918.  The following footnote is the Sixth Circuit's entire analysis of the issue of private right of action under RESPA:

As a threshold matter, we must determine whether the Real Estate Settlement Procedures Act creates a private cause of

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1
2
3
4
5

> action for violations of 12 U.S.C. s 2609 and 12 U.S.C. s 2610. While the Act does not expressly provide for such a causes of action, we believe, based on the legislative history that Congress intended to create a private remedy for violations of the Act. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). *See also Taylor v. Brighton Corporation*, 616 F.2d 256 (6th Cir. 1980).

6   *Id.* at 925, n. 8.  This brief analysis, however, is not persuasive in light of the

7   countervailing precedence on this issue.

8         As explained by the U.S. Supreme Court when determining if a federal statute

9   provides a private right of action, the "express provisions of one method of enforcing

10  a substantive rule suggests that Congress intended to preclude others."  *See Alexander*

11  *v. Sandoval* 532 U.S. 275, 290 (2001).

12        For Section 2610, there is no reference of a private right of action in the

13  language of statute or any remedies available to a borrower in the instance of an

14  alleged violation.  *See* 12 U.S.C. § 2610.

15        On the other hand, 15 U.S.C. § 2605 ("Section 2605") expressly states that

16  "[w]hoever fails to comply with any provisions of this section shall be liable to the

17  borrower for each such failure in the following amounts[.]"  *See* 15 U.S.C. § 2605(f).

18  Thus, unlike Section 2610, Section 2605 specifically states that the violator of its

19  provision is liable to the borrower and specifies the remedies available.

20        15 U.S.C. § 2607 ("Section 2607") states that a person who violates its

21  provisions shall "be jointly and severally liable to the person or persons charged for

22  the settlement services involved in the violation in an amount equal to three times the

23  amount of any charge paid for such settlement services."  *See* 12 U.S.C. § 2607(d)(1).

24  Further, Section 2607 further states that the prevailing party may recover reasonable

25  attorneys' fees and costs in a private action.  *See* 12 U.S.C. § 2607(d)(5).

26        12 U.S.C. § 2608 ("Section 2608") also specifically states that "[a]ny seller who

27  violates the provision of subsection (a) of this section shall be liable to the buyer in an

28  amount equal to three times all charges made for such title insurance."  *See* 12 U.S.C.
§ 2608(b).

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1    Furthermore, the fact that U.S. Congress only intended for a borrower to have a

2    private right of action under Sections 2605, 2607 and 2608 of RESPA is further

3    exemplified by 12 U.S.C. § 2614 ("Section 2614"), which states:

> Any action pursuant to the provisions of section 2605, 2607,
> or 2608 of this title may be brought in the United States
> district court or in any other court of competent jurisdiction,
> for the district in which the property involved is located, or
> where the violation is alleged to have occurred, within 3
> years in the case of a violation of section 2605 of this title
> and 1 year in the case of a violation of section 2607 or 2608
> of this title from the date of the occurrence of the violation,
> except that actions brought by the Bureau, the Secretary, the
> Attorney General of any State, or the insurance
> commissioner of any State may be brought within 3 years
> from the date of the occurrence of the violation.

11   *See* 12 U.S.C. § 2614.  Thus, due to the fact that the U.S. Congress specifically

12   provided private right of actions in the Sections 2605, 2607 and 2608 and excluded

13   any reference to Section 2610 in Section 2614, there was no intent by Congress to

14   provide a private right of action for Section 2610.

15   This is the same reasoning that the U.S. Court of Appeal for the Seventh Circuit

16   ("Seventh Circuit") utilized to reach the same conclusion in *Allison v. Liberty Sav.*

17   *659* F.2d 1086 (7th Cir. 1982).  In *Allison*, the Seventh Circuit found that the plaintiff

18   did not have a private right of action under 12 U.S.C. § 2609 ("Section 2609").  In

19   concluding there was no private right of action under Section 2609, the Seventh

20   Circuit stated that the "fact that Congress explicitly provided federal private remedies

21   in three of the four sections immediately preceding [Section 2609] is evidence that

22   Congress intended to deny such remedies by its silence in [Section 2609]."  *Id.* at

23   1088-1089.  Indeed, "where analysis of the statute itself weighs against implication of

24   a private cause of action and the legislative history is silent, we must conclude that

25   Congress did not intend to create a private remedy."  *Id.* at 1089.

26   Other federal courts have found *Allison* to be correct in its determination.  In

27   *State of La. v. Litton Mortg. Co.* 50 F.3d 1298 (5th Cir. 1995), the Fifth Circuit found

28   that "[a]fter considering the opposing position of [*Vega*], we find most persuasive the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

Seventh Circuit's well-reasoned opinion in [*Allison*]." *Id*. at 1301.

Thereafter, in following the precedence set by *Allison* and *Litton*, the district court in *McAnaney v. Astoria Financial Corp.* 357 F.Supp.2d 578 (E.D.N.Y. 2005) found that "there is no private right of action under § 2610." *Id*. at 591.

Accordingly, because there is no private right of action under Section 2610, Plaintiff's claims pertaining to alleged violation of Section 2610 should be dismissed with prejudice.

### B.   Plaintiff's Claim under Section 12 U.S.C. § 2607 is Barred by the Statute of Limitations

Despite Plaintiff's vague allegations and general references to federal statutes, it appears that Plaintiff may be attempting to claim that Defendant violated Section 2607 by engaging in improper "kickbacks" or fees. *See* Complaint, ¶ 195.  However, this claim would be barred by the statute of limitations.

Like TILA violations, the "statute of limitations for private plaintiffs suing for an alleged violation of § 2607 is one year." *See Snow v. First American Title Ins. Co.* 332 F.3d 356 (5th Cir. 2003); *see also* 12 U.S.C. § 2614.  Further, a claim under Section 2607 begin to run at the closing of the subject loan. *Id*. at 359; *see also Holt v. First Franklin Financial Corp.* 2011 WL 4595195, *3 (N.D. Cal. Sept. 30, 2011) ("Claims brought under § 2607 are subject to a one-year statute of limitations period, which commences to run when loan closes.").

Accordingly, similar to Plaintiff's claims of TILA violations, it is undeniable that the statute of limitations for Plaintiff's Section 2607 claim has expired.  Plaintiff alleges in the Complaint that the Loan was consummated in March 2017. *See* Complaint, ¶ 37; RJN, Exhibit 1.  Because Plaintiff filed this lawsuit in August 2018, Plaintiff's Complaint is untimely.

It can be presumed that Plaintiff will also attempt to argue that equitable tolling should apply to Plaintiff's claim under Section 2607 as well.  Such claims of equitable tolling would follow the same analysis under *King* and its progenies for TILA claims.

13

1  As explained by the Ninth Circuit in *Merritt v. Countywide Financial Corp.* 759 F.3d

2  1023 (9th Cir. 2014):

> We hold, therefore, that although the limitations period in 12
> U.S.C. § 2614 ordinarily runs from the date of the alleged
> RESPA violation, "the doctrine of equitable tolling may, in
> the appropriate circumstances, suspend the limitations
> period until the borrower discovers or had reasonable
> opportunity to discover" the violation. *King*, 784 F.2d at
> 915. Just as for TILA claims, district courts may evaluate
> RESPA claims case-by-case "to determine if the general rule
> would be unjust or frustrate the purpose of the Act and
> adjust the limitations period accordingly." *Id.*

9  *Id.* at 1040.

10       Therefore, for the same reasons stated in Section V of this Motion, Plaintiff has

11  stated no grounds for equitable tolling of the applicable statute of limitations.  As

12  such, based upon Plaintiff's claim either being barred by the statute of limitation or

13  the lack of a private right of action, Plaintiff's claims under RESPA should be

14  dismissed with prejudice.

15  **VIII.   PLAINTIFF'S "COUNT 25" FOR FAILS**

16       For "Count 25", Plaintiff claims a "Violation of Mortgage Reform and Anti-

17  Predatory Lending Act pursuant to Dodd-Frank, Title XIV."  Besides this generalized

18  statement, it is difficult for Defendants to infer what statute Plaintiff is claiming as the

19  basis of this claim.  In the Complaint, Plaintiff's only reference to the "Dodd-Frank

20  Act" was in association with alleged violation of TILA and 15 U.S.C. § 1601, *et seq.*

21  *See* Complaint, ¶¶ 76-92.  Therefore, Defendant can only reasonably assume that

22  Plaintiff is attempting to reassert his TILA claims in this count.  As such, for the same

23  reasons stated in Sections IV, V and VI of this Motion, this claim fails and should be

24  dismissed with prejudice.

25  **IX.    PLAINTIFF'S "COUNT 26" FOR "INJUNCTIVE RELIEF" FAILS**

26       First, injunctive relief is a remedy, not a cause of action.  *See St. Paul Fire &*

27  *Marine Ins. Co. v. Vedatech Intern., Inc.*, 245 Fed.Appx. 588, 591 (9th Cir. 2007);

28  *Walker v. Bankers Life & Cas. Co.*, No. 06 C 6906, 2007 WL 967888, at *4 (N.D. Ill.

A L V A R A D O S M I T H
A PROFESSIONAL CORPORATION
SANTA ANA

March 28, 2007); *Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 682 n.1 (D. Md. 2001).  For this reason alone, this claim fails.

Even if a claim for injunctive relief is a cause of action, an injunction can be issued only if Plaintiff demonstrates: 1) likelihood of success on the merits; 2) a substantial threat that Plaintiffs will suffer irreparable injury if the injunction is denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and 4) the injunction will not disserve the public interest.  *See Production Co. v. Village of Gambell*, 480 US 531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc*., 367 F.3d 1108, 1111 (9th Cir. 2004).

In the Complaint, Plaintiff claims that he "has been and will be seriously injured unless defendants' foreclosure and other activities complained of are preliminary and permanently enjoined."  *See* Complaint, ¶ 208.  However, for the reasons stated above, Plaintiff has not stated any grounds that would allow for the issuance of the injunction.  Indeed, based upon Plaintiff's own allegations, he is not entitled to a rescission of the Loan.  Further, none of the allegations have any relation to whether or not a foreclosure proceeding may proceed.

Accordingly, this claim fails and should dismissed with prejudiced.

///

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**
4696971.2 -- N1728.2SB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**X.  <u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully requests the Court to dismiss Plaintiff's Complaint in its entirety, with prejudice, as to RVL, A. Levy, L. Levy, Taitz and Druian.  Further, Defendants respectfully requests the Court to dismiss all claims asserted in the Complaint against RVP, except for "Count 3"for an alleged violation of 15 U.S.C. § 1639.

DATED:  September 19, 2018

ALVARADOSMITH
A Professional Corporation

By:   /s/
        S. CHRISTOPHER YOO
        JACOB M. CLARK
        Attorneys for  Defendants
        REAL VALUE PROPERTIES, LLC,
        REAL VALUE LOANS, LLC, ALAN
        LEVY, LEONARD LEVY, BRANDON
        TAITZ and JUSTIN DRUIAN

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

4696971.2 -- N1728.2SB

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA