S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@AlvaradoSmith.com
JACOB M. CLARK (CA Bar No. 266630)
jclark@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
REAL VALUE PROPERTIES, LLC, REAL VALUE
LOANS, LLC, ALAN LEVY, LEONARD LEVY,
BRANDON TAITZ and JUSTIN DRUIAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE F. ALFARO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>REAL VALUE PROPERTIES, LLC;<br>REAL VALUE LOANS, LLC; ALAN<br>LEVY; LEONARD LEVY; BRANDON<br>TAITZ; JUSTIN DRUIAN; and DOES 1<br>to 20,<br><br>　　　　Defendants. | CASE NO.: 5:18-cv-01756-GW-SP<br><br>JUDGE: Hon. George H. Wu<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT**<br><br>DATE: November 1, 2018<br>TIME: 8:30AM<br>CTRM: 9D, 9th Floor<br><br>ACTION FILED: August 21, 2018 |

Defendants Real Value Properties, LLC ("RVP"), Real Value Loans, LLC ("RVL"), Alan Levy ("A. Levy"), Leonard Levy ("L. Levy"), Brandon Taitz ("Taitz") and Jordan Druian ("Druian," and collectively "Defendants") respectfully submit this Reply to plaintiff Jose F. Alfaro's ("Plaintiff") Opposition to the Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6).

///

///

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ................................................................... 2

II. DEFENDANTS DID NOT CONCEDE THE MERITS OF ANY CLAIM IN THE MOTION ........................................................................................... 2

III. THE MOTION TO DISMISS IS NOT BASED UPON THE FACTUAL POSITION OF DEFENDANT THAT PLAINTIFF'S LOAN WAS A "BUSINESS LOAN" ............................................................................... 3

IV. PLAINTIFF HAS NOT SUFFICIENTLY PLED AN "ALTER EGO" ......... 4

V. PLAINTIFF HAS STATED NO GROUNDS FOR RESCISSION UNDER 15 U.S.C. 1635 ............................................................................ 5

VI. PLAINTIFF HAS NOT PLED ANY SUFFICIENT FACTUAL ALLEGATIONS TO ALLOW FOR THE TOLLING OF THE STATUE OF LIMITATIONS UNDER BOTH TILA AND RESPA ........................... 8

VII. PLAINTIFF HAS NO PRIVATE RIGHT OF ACTION UNDER 12 U.S.C. § 2610 ................................................................................................ 10

VIII. PLAINTIFF'S "COUNT 25" FOR FAILS AS IT IS MERELY DUPLICATIVE OF PLAINTIFF'S OTHER CLAIMS ............................... 11

IX. PLAINTIFF'S "COUNT 26" FOR "INJUNCTIVE RELIEF" FAILS ......... 12

X. PLAINTIFF'S OBJECTION TO THE REQUEST FOR JUDICIAL NOTICE IS BASELESS ............................................................................ 12

XI. CONCLUSION ........................................................................................... 13

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akhavein v. Argent Mort. Co.*, 2009 WL 2157522, *3 (N.D. Cal. Jul. 18, 2009)...10

*Amina v. WMC Finance Co.*, -- F.Supp.3d --, 2018 WL 3312955, *16 (D. Haw. Jul. 7, 2018)...9

*Betancourt v. Countrywide Home Loans, Inc.* 344 F.Supp.2d 1253 (D. Col. 2004)...7

*Cassese v. Washington Mut., Inc.*, 255 F.R.D. 89, 94 (E.D. N.Y. 2008)...10

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-1046 (9th Cir. 2011)...10

*Cooper v. Countrywide Home Loans*, 724 Fed.Appx. 741 (11th Cir. 2018)...7

*Craven v. Litton Loan Servicing LP*, 2005 WL 2333585, * 4 (W.D. Mich. Sep. 23, 2005)...10

*Dagres v. Countrywide Bank, N. A.*, 2014 WL 3417848, *6 (C.D. Cal. Jul 10, 2014)..7

*Erde v. Eastern Savings Bank, FSB* 2009 WL 10673329, *4 (C.D. Cal. Jun. 17, 2009)...8

*Garcia v. Wachovia Mortg. Corp.*, 767 F.Supp.2d 895, 906 (C.D. Cal. 2009)...9

*Gusenkov v. Washington Mut. Bank, FA*, 2010 WL 2612349, *5 (N.D. Cal. Jun. 24, 2010)...11

*Hilton v. Washington Mut. Bank*, 2010 WL 727247, *4 (N.D. Cal. Mar. 1, 2010) 11

*Hotel Emps. & Rest. Emps. Local 2 v. Vista Inn Mgmt. Co.*, 393 F.Supp.2d 972, 977-78 (N.D. Cal. 2005)...13

*Hubbard v. Fidelity Federal Bank*, 91 F.3d 75 (9th Cir. 1996)...9

*King v. State of Cal.*, 784 F.2d 910 (9th Cir. 1986)...8

*Linares v. First Mortg. Corp.* 2012 WL 386714, *3 (C.D. Cal. Feb. 6, 2012)...8, 10

*Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023, 1040 (9th Cir. 2014)...8

*Rosal v. First Fed. Bank of Cal.*, 671 F.Supp.2d 1111, 1120 (N.D. Cal. 2009)...13

*Saldate v. Wilshire Credit Corp.* 268 F.R.D. 87, 96 (E.D. Cal. 2010)...7

*Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523 (2000)...4

*Vega v. First Federal Sav. & Loan Ass'n Detroit*, 622 F.2d 918 (6th Cir. 1980)...10

*W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) 13

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

*Watts v. Decision One Mortgage Co.*, 2009 WL 648669, *4 (S.D. Cal. Mar. 9, 2009)..8

**Statutes**

12 U.S.C. § 2605 ...........................................................................................................10

12 U.S.C. § 2607 ...........................................................................................................10

12 U.S.C. § 2608 ...........................................................................................................10

12 U.S.C. § 2609 ...........................................................................................................11

12 U.S.C. § 2610 ....................................................................................................10, 11

15 U.S.C. § 1602 .....................................................................................................7, 11

15 U.S.C. § 1635 ....................................................................................................5, 6, 7

15 U.S.C. § 1639 ...........................................................................................2, 3, 11, 14

24 C.F.R. § 3500.17 .....................................................................................................11

Regulation Z § 226.23 ..................................................................................................11

**Rules**

Fed. R. Evid., Rule 201 ................................................................................................13

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Real Value Properties, LLC ("RVP"), Real Value Loans, LLC ("RVL"), Alan Levy ("A. Levy"), Leonard Levy ("L. Levy"), Brandon Taitz ("Taitz") and Jordan Druian ("Druian," and collectively "Defendants") submits the following Reply to the Opposition to the Motion to Dismiss the Complaint of plaintiff Jose Alfaro ("Plaintiff").

## I. SUMMARY OF ARGUMENT

Plaintiff's Opposition devotes more time to explaining the generalities of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedure Act ("RESPA") rather than addressing the substance of Defendant's Motion to Dismiss the Complaint ("Motion").

Based upon Plaintiff's allegations in the Complaint, Plaintiff obtained his loan from RVP (the "Loan") for the purposes of purchasing the real property located at 559 Elm Park Avenue, Rialto, California 92376 ("Subject Property"). Because the Loan was used to finance Plaintiff's acquisition of the Subject Property, it is a matter of law that Plaintiff is unable to seek rescission under TILA.

Moreover, Plaintiff's other claims for damages under TILA and RESPA are all barred under the applicable statute of limitations. Plaintiff's assertion that the statute of limitations should be equitably tolled are not supported by the allegations. At the very most, Plaintiff claims that the alleged failures to make certain disclosures under TILA and RESPA should by itself toll the statute – *a position that has been rejected by the courts.*

Accordingly, based upon both the moving papers and the Reply, Defendants respectfully request the Motion to be granted in its entirety.

## II. DEFENDANTS DID NOT CONCEDE THE MERITS OF ANY CLAIM IN THE MOTION

In the Opposition, Plaintiff, *without any basis*, asserts that RVP "conceded that its conducts violated 15 U.S.C. § 1639 as pled in count 3 of the Complaint[.]" *See*

Opposition, 2:8-9 (of Notice). There has been no such concession by RVP and for Plaintiff's counsel to assert as such in the Opposition is both meritless and frivolous.

In the Motion, Defendants conceded only that "Court 3" for an alleged violation of 15 U.S.C. § 1639 could proceed *pass the pleading stage* as alleged against RVP. Specifically, the Motion states:

> For the purpose of this Motion at the pleading state, Defendants concede (*without any concessions on the merits*) that the only claim that can proceed pass the pleading state is "Count 3" for an alleged violation of 15 U.S.C. § 1639 only against RVP.

*See* Motion, 1:22-25. The reason, as explained in the Motion, is because the applicable statute of limitations is three years. *See* Motion, 8:13-9:2. Plaintiff's counsel should refrain for making assertions of concessions on the merits when no concession has been made.

### III. THE MOTION TO DISMISS IS NOT BASED UPON THE FACTUAL POSITION OF DEFENDANT THAT PLAINTIFF'S LOAN WAS A "BUSINESS LOAN"

Plaintiff asserts, *again without any support*, that Defendants "have filed their Motion to Dismiss Plaintiff's entire Complaint asserting that Plaintiff's loan was for 'business purpose' secured by the Subject Property." *See* Opposition, 1:2-3. While it is Defendants position that the Loan was a business loan, this was not the basis of the Motion. As clearly detailed in the moving papers, the Motion is based upon the relevant statute of limitations, Plaintiff's standing and the applicability of the law.

However, it should once again be pointed out that even in the Opposition there is no definitive statement or allegation that Plaintiff actually used the Subject Property as his primary residence. As stated in the Motion, absent from the Complaint are any allegations that Plaintiff is either presently using or has ever used the Subject Property as his primary residence. *See* Motion, 3:2-4. Even after being confronted with this assertion in the Motion, the only statement in the Opposition that comes close to addressing this issue is that Plaintiff "was happy and eager to move into a new home

with his family like everyone else would be." *See* Opposition, 8:23-24. This statement still falls short of being an affirmative representation that Plaintiff actually has been or still is using the Subject Property as his primary residence. It is truly odd that in a lawsuit where Plaintiff's counsel boldly claims that certain wrongful acts had been undertaken by Defendants, wherein Plaintiff allegedly only wanted a "castle" to call home, apparently finds it difficult to affirmatively state that the Subject Property was used as his home.

Nevertheless, this Motion should be granted based upon the statutory arguments found in both the moving papers and this Reply.

## IV. PLAINTIFF HAS NOT SUFFICIENTLY PLED AN "ALTER EGO"

In response to the Motion, Plaintiff claims for the first time that RVL, A. Levy, L. Levy, Taitz and Druian are purportedly liable for the alleged acts of RVP under an "alter ego" theory. In support of his new "alter ego" theory, Plaintiff asserts:

> Defendants RVL, A. and L. Levy, Taitz and Druian proclamation that only codefendant RVP, as "creditor" is responsible for the violation of the Act does not comport with legislator's intent. The congress did not create section 1635 and 1641 for the purpose of a corporation to ensure delivery of notices to borrowers under the Act. Corporation cannot individually perform without the assistance of its corporate employees, agents, officers, directors and owners. Where a corporation is used by an individual or individuals, or by another corporation, to perpetrate fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, a court may disregard the corporate entity and treat the corporation's acts as if they were done by the person actually controlling the corporation.

*See* Opposition, 7:12-19. In sum, it appears that Plaintiff is claiming that the "alter ego" doctrine should apply in this situation because a corporation can only act through its employees and agents. Such claims are not a basis for an assertion of alter ego.

In *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523 (2000), the California Court of Appeal provides a thorough explanation of the doctrine of "alter ego" liability:

> Ordinarily, a corporation is regarded as a legal entity separate and distinct from its stockholders, officers and

> directors, with separate and distinct liabilities and obligations. [citations omitted.] A corporate identity may be disregarded-the "corporate veil" pierced—where an abuse of the corporate privilege justifies holding the equitable ownership of a corporation liable for the actions of the corporation. [citation omitted.] Under the alter ego doctrine, then, when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation, in most instances equitable owners. [citations omitted.] The alter ego doctrine prevents individuals or other corporations form misusing the corporate laws by the device of a sham corporation entity formed for the purpose of committing fraud or other misdeeds. [citation omitted.]
>
> In California, two conditions must be met before the alter ego doctrine will be invoked. First, there must be such a unity of interest and ownership that the separate personalities of the corporation and the shareholder do not really exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone.

*Id.* at 538.

Here, Plaintiff has not sufficiently alleged a claim for alter ego liability in the Opposition to allow for this lawsuit to be maintained against RVL, A. Levy, L. Levy, Taitz and Druian. First, Plaintiff does not assert any factual allegations pertaining to whether there is a unity of ownership between RVP and the other defendants. Second, Plaintiff has not asserted any factual allegations that maintaining the distinction between RVP and the other defendants would lead to an inequitable result. Indeed, there are no claims that RVP is undercapitalized, a sham entity, or would be unable to satisfy the liability alleged in this action. Thus, Plaintiff has not asserted any adequate grounds for the alter ego doctrine to apply to this lawsuit.

Accordingly, the Motion to Dismiss should be granted with prejudice as to RVL, A. Levy, L. Levy, Taitz and Druian.

## V. PLAINTIFF HAS STATED NO GROUNDS FOR RESCISSION UNDER 15 U.S.C. 1635

Plaintiff does not have a right to rescission under 15 U.S.C. § 1635 ("Section 1635"). As detailed in the Motion, the right of rescission under Section 1635 does not

apply to a "residential mortgage transaction," which is defined as follows:

> The term "residential mortgage transaction" means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to ***finance the acquisition or initial construction of such dwelling***.

*See* 15 U.S.C. §§ 1635(e)(1), 1602(x) [emphasis added]. In sum, Section 1635 does not apply to either a "mortgage," a "deed of trust," a "purchase money security interest arising under an installment sales contract," or an "equivalent consensual security interest" that is used to finance the purchase of the real property.

The Loan was obtained for the single purpose of purchasing and acquiring the Subject Property. Plaintiff repeatedly alleges in the Complaint that the Loan was used to purchase the Subject Property. *See* Complaint, ¶¶ 33, 37, 63 & 71. In fact, Plaintiff affirmatively states the following in the Opposition:

> And to justify the DOT was for "business" purposes and not household purposes, defendants assert that the DOT identified Plaintiff's address as 357 S. Primrose Ave., Riato, CA 92376, [...] a rental property where Plaintiff and his family resided ***prior to purchasing the property located at 559 Elm Park Ave., Rialto, CA 92376***[...]

*See* Opposition, 2:3-6 (of Notice) [emphasis added]. Because Plaintiff obtained the Loan to purchase the Subject Property, Plaintiff has no right of rescission under Section 1635.

To maintain this rescission claim, Plaintiff in the Opposition essentially rewrites the definition of "residential mortgage transaction." Specifically, Plaintiff claims that a "residential mortgage transaction" only means a "transaction arising under an installment sales contract." *See* Opposition, 19:4-8. Thus, under Plaintiff's interpretation, Plaintiff believes that the phrase "installment sale contract" qualifies not just the phrases of "purchase money security," but also qualifies both the phrases "mortgage" and "deed of trust." No logical reading of the statutory language supports this interpretation.

Nevertheless, Plaintiff's revisionist interpretation of the definition of "residential mortgage transaction" has recently been addressed by the U.S. Court of Appeals for the Eleventh Circuit ("Eleventh Circuit"). In *Cooper v. Countrywide Home Loans*, 724 Fed.Appx. 741 (11th Cir. 2018), the Eleventh Circuit stated the following in a footnote:

> TILA also defines a "purchase money security interest arising under an installment sales contract" as a "residential mortgage transaction." 15 U.S.C. § 1602(x). Cooper argues that because the loan transaction here did not involve an installment contract, it is not a residential mortgage transaction. But Cooper cites no authority, and we find none suggesting that because section 1602(x)'s definition includes "a security interest arising under an installment sales contract," only such contracts are "residential mortgage transactions." *Id*. We therefore reject his argument.

*Id*. at 743 FN 3.

To reiterate, it is well-settled that the right to rescission under Section 1635 does not apply to loans that financed the acquisition and purchase of the residential property. In *Betancourt v. Countrywide Home Loans, Inc.* 344 F.Supp.2d 1253 (D. Col. 2004), the District Court of Colorado ruled:

> The unrefuted evidence here is that the plaintiffs obtained the loan evidenced by the Adjustable Rate Mortgage and secured by the Deed of Trust to purchase the Property for use as their primary residence,[...], and that the Property was plaintiffs primary residence when they filed this action. [...] The plaintiffs have provided no evidence to the contrary. Consequently, the right of rescission created by 15 U.S.C. § 1635(a) is not applicable to this transaction, and the defendants are entitled to summary judgment on the plaintiffs' claim of rescission.

*Id*. at 1261; *see also Saldate v. Wilshire Credit Corp.* 268 F.R.D. 87, 96 (E.D. Cal. 2010) ("WMC is correct that Mr. Saldate's purchase money mortgage transaction is not subject to TILA's rescission remedy."); *Cooper, supra,* 724 Fed.Appx. at 743 ("In this case, as the district court concluded, Cooper is precluded from rescinding his loan under TILA because he obtained the loan at issue to finance the purchase of his residence."); *Dagres v. Countrywide Bank, N. A.*, 2014 WL 3417848, *6 (C.D. Cal.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Jul 10, 2014) ("Here, TILA's right of rescission does not apply because plaintiff's loan was used to purchase a single family residence."); *Erde v. Eastern Savings Bank, FSB* 2009 WL 10673329, *4 (C.D. Cal. Jun. 17, 2009) ("Plaintiff's purchase money mortgage is consequently not amendable to rescission under TILA."); *Linares v. First Mortg. Corp.* 2012 WL 386714, *3 (C.D. Cal. Feb. 6, 2012) ("Here, plaintiffs' loan was used to finance the purchase of their single family residence. Therefore, this case involves a residential mortgage exempt from the right to rescind under TILA."); *Watts v. Decision One Mortgage Co.*, 2009 WL 648669, *4 (S.D. Cal. Mar. 9, 2009) ("Thus, while home equity loans and refinancing transactions would be amendable to rescission, Plaintiff's purchase money mortgage is not. Plaintiff's TILA rescission claim is therefore dismissed with prejudice as to all defendants.").

Accordingly, because Plaintiff is claiming that this Loan was a purchase money residential loan, this claim fails and should be dismissed with prejudice.

## VI. PLAINTIFF HAS NOT PLED ANY SUFFICIENT FACTUAL ALLEGATIONS TO ALLOW FOR THE TOLLING OF THE STATUE OF LIMITATIONS UNDER BOTH TILA AND RESPA

Plaintiff's claims under TILA and RESPA for damages are all barred under the respective one-year statute of limitations. As expressly anticipated in the Motion, Plaintiff asserts that the one-year statute of limitation should be equitably tolled. However, Plaintiff still fails to provide any adequate factual allegations to allow for equitable tolling. As stated in the moving papers, the equitable tolling analysis is the same for claims under TILA and RESPA. *See Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023, 1040 (9th Cir. 2014).

The U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") in *King v. State of Cal.*, 784 F.2d 910 (9th Cir. 1986) essentially held that the statute of limitations for TILA claims is presumed to commence at the consummation of the loan. *Id.* at 915. But, district courts "can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or

frustrate the purpose of the Act and adjust the limitations period accordingly." *Id.*

In the Opposition, Plaintiff provides the following reason in seeking the application for equitable tolling:

> Plaintiff was not provided any of the foregoing forms, documents and notices as an individual who never purchased a home, he had no idea that he was entitled to receive such disclosures, until, June 1, 2018, when he received a single piece of paper from defendant RVP.
>
> This one-page paper that Plaintiff received for the first time, was a statement dated, June 1, 2018, which was a breakdown of Plaintiff's mortgage account beginning May 1, 2017 to June 1, 2018, reflecting an itemized of fees and charges, (the "Statement"). It was then that the bells of awareness starting ringing in Plaintiff's ears. Something was not right, he mumbled to his wife, when he first saw the Statement and the numbers as reflected in the Statement. (Copy of Statement is attached hereto as Exhibit 1)
>
> It was then and with the help of a friend, Plaintiff consulted the present counsel.
>
> Present counsel mailed a letter to defendants on June 11, 2018, placing them on notice that plaintiff intends to rescind the agreement and will file a complaint. For the purposes of the statute of limitations the date of June 1, 2018, was the first date that Plaintiff could have reasonably discovered the atrocities defendants committed against him.

*See* Opposition, 10:1-13.

In sum, Plaintiff is asserting that statute should be tolled because he was unable to discover the disclosure violation due to the disclosures never being provided to him. As detailed in the moving papers, courts have been clear that the mere act of nondisclosure cannot be the basis for equitable tolling. *See Garcia v. Wachovia Mortg. Corp.*, 767 F.Supp.2d 895, 906 (C.D. Cal. 2009); *Amina v. WMC Finance Co.*, -- F.Supp.3d --, 2018 WL 3312955, *16 (D. Haw. Jul. 7, 2018). Indeed, as explained by the Ninth Circuit in *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75 (9th Cir. 1996), "nothing prevented [Plaintiff] from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements." *Id.* at 79.

Moreover, Plaintiff's claim that he is an "unsophisticated minority, with elementary education, a laborer, with less than perfect credit, who does not read, write

or speak fluent English" is also not grounds to toll the statue of limitations. The district court in *Linares v. First Mortg. Corp., supra*, found similar allegations to be unpersuasive:

> The Court finds that plaintiffs have failed to plead sufficient facts to demonstrate that they could not have discovered the alleged violations by exercising due diligence, and therefore that plaintiffs are not entitled to equitable tolling of their TILA damages claim. The facts that plaintiffs speak little English and did not fully understand the loan documents were known to plaintiffs when they entered into the loan documents. Courts in the Ninth Circuit have held that equitable tolling is inappropriate under similar circumstances.

*See Linares, supra,* 2012 WL 386714 at *3; *see also Akhavein v. Argent Mort. Co.,* 2009 WL 2157522, *3 (N.D. Cal. Jul. 18, 2009); *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1045-1046 (9th Cir. 2011).

Accordingly, because Plaintiff has not sufficiently pled factual allegations in support of a claim for equitable tolling, Plaintiff's claims for damages under TILA and RESPA are barred under their respective one-year statute of limitations.

## VII. PLAINTIFF HAS NO PRIVATE RIGHT OF ACTION UNDER 12 U.S.C. § 2610

As predicted in the Motion, Plaintiff relies solely upon *Vega v. First Federal Sav. & Loan Ass'n Detroit*, 622 F.2d 918 (6th Cir. 1980) to claim that there is a private right of action under 12 U.S.C. § 2610.

Therefore, the analysis asserted in the moving papers demonstrates that *Vega* is an outlier and that a majority of the cases have found that there to be no private right of action outside of 12 U.S.C. §§ 2605, 2607 and 2608. *See* Motion, 10:16-13:7; *see also Craven v. Litton Loan Servicing LP*, 2005 WL 2333585, * 4 (W.D. Mich. Sep. 23, 2005) ("The statute is silent as to any jurisdiction or limitation period for actions under Section 2610. Under the circumstances, the court concludes, as has at least one other court, that no private right of action exists under section 12 of RESPA, 12 U.S.C. § 2610."); *Cassese v. Washington Mut., Inc.,* 255 F.R.D. 89, 94 (E.D. N.Y.

2008) ("Furthermore, the Court dismissed the plaintiffs' claim pursuant to section 2610 of RESPA, finding no private right of action can be maintained for violation of that section."); *Hilton v. Washington Mut. Bank*, 2010 WL 727247, *4 (N.D. Cal. Mar. 1, 2010) ("The Court agrees with the reasoning of these courts, and holds that there is no private right of action under Sections 2609 or 2610, or under 24 C.F.R. § 3500.17."); *Gusenkov v. Washington Mut. Bank, FA*, 2010 WL 2612349, *5 (N.D. Cal. Jun. 24, 2010) ("Thus, plaintiff can only bring a claim under Section 2605, 2607 or 2608.").

Accordingly, because there is no private right of action under Section 2610, Plaintiff's claims pertaining to alleged violation of Section 2610 should be dismissed with prejudice.

## VIII. PLAINTIFF'S "COUNT 25" FOR FAILS AS IT IS MERELY DUPLICATIVE OF PLAINTIFF'S OTHER CLAIMS

In the Motion, Defendants stated that it was difficult to infer as to what statute Plaintiff is claiming as the basis of "Count 25" and that it appeared that Plaintiff was only reasserting his TILA claims. In response, Plaintiff asserts that following in the Opposition:

> Plaintiff alleges that the "March 2017 loan transaction with Defendants [was] a high rate mortgage within the meaning of 15 U.S.C. § 1602(aa)(1)(B)…" He contends that because the loan met the statutory definition of a high rate mortgage, it was subject to the additional disclosure requirements imposed by HOEPA under 15 U.S.C. § 1639(a). (*Id.*) He claims that the additional disclosure must be provided three days in advance of the "consummation of the transaction pursuant to 15 U.S.C. § 1639(b)," but the defendants did not comply with "HOEPA and Section 32." (*Id.*) He also claims that the defendants' failure to provided him with accurate and timely HOEPA disclosure constitutes a "material" disclosure violation under "TILA, 15 U.S.C. § 1602(u)(as amended) and Regulation Z § 226.23." (*Id.* at 10.)

*See* Opposition, 23:12-19. Thus, there is no distinction between this claim and the other claims asserted in the Complaint. Therefore, for the same reasons the other claims fail, as detailed in both the moving papers and this Reply, this claim should

also be dismissed due to its duplicative nature and allegations.

## IX. PLAINTIFF'S "COUNT 26" FOR "INJUNCTIVE RELIEF" FAILS

In the Opposition, Plaintiff claims that in "Count 26, captioned 'Declaratory Relief,' plaintiff alleges that he is entitled to a declaration defendants breached 'their contractual, statutory and common law obligations to Plaintiff' by failing to produce statutory disclosures, notices, loan documents and other pertinent materials." *See* Opposition, 23:21-23. This is entirely false. Plaintiff did not allege a declaratory relief claim in the Complaint and has no basis to assert that he did in the Opposition.

To be clear, the following comprises the entire "Court 26" as pled in the Complaint:

> COUNTY 26; (*INJUNCTIVE RELIEF*)
>
> 207. The facts made in paragraphs 1 through 206 are hereby realleged as though fully set out and incorporated by reference herein.
>
> 208. Plaintiff has been and will be seriously injured unless defendants' foreclosure and other activities complained of are ***preliminarily and permanently enjoined***. Plaintiff will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages.
>
> 209. ***Plaintiffs seeks an injunction*** to enjoin defendants and each of them from keeping relevant documents such as, complete loan packages but not limit there to and to forward all relevant foreclosure documents to Plaintiff.

*See* Complaint, 36:24-37:5 [emphasis added].

It is undisputed that Plaintiff's "Count 26" was one for injunctive relief, *and not declaratory relief*. Nonetheless, even if Plaintiff did assert a declaratory relief claim, it would fail for the same reasons as the other claims because it would be based upon the same alleged disclosure violations under TILA and RESPA. *See* Opposition, 23:21-27. Accordingly, the Motion should be granted.

## X. PLAINTIFF'S OBJECTION TO THE REQUEST FOR JUDICIAL NOTICE IS BASELESS

Lastly, in addition to the Opposition, Plaintiff has filed an objection to the

1 | Request for Judicial Notice ("RJN"). Plaintiff asserts that Defendants are "trying to
2 | sidestep their burden of proving that their exhibit 1 is admissible by asking this court
3 | to take judicial notice of essential records that are hearsay, not subject to exception
4 | and not authenticated." *See* Objection to Defendants' Request for Judicial Notice,
5 | Exhibit 1, 1:24-28. Plaintiff's objection should be overruled.

6 | Defendants requested this Court to take judicial notice as permitted under the
7 | law and no further. Federal rules of Evidence, Rule 201 authorizes a court to take
8 | judicial notice of facts that are "not subject to reasonable dispute" and "either (1) are
9 | generally known within the territorial jurisdiction for the trial court or (2) are capable
10 | of accurate and ready determination by resort to sources whose accuracy cannot
11 | reasonably be questions." *See* Fed. R. Evid., Rule 201. Judicial notice is mandatory if
12 | it is "requested by a party and [the Court is] supplied with the necessary information."
13 | *Id.*

14 | Courts routinely take judicial notice of official records filed with the county
15 | recorder, including notices of deeds of trust, trustee's deeds upon sale, and notices of
16 | defaults. *See, e.g., Rosal v. First Fed. Bank of Cal.*, 671 F.Supp.2d 1111, 1120 (N.D.
17 | Cal. 2009); *Hotel Emps. & Rest. Emps. Local 2 v. Vista Inn Mgmt. Co.*, 393 F.Supp.2d
18 | 972, 977-78 (N.D. Cal. 2005); *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F.
19 | Supp. 790, 792 (N.D. Cal. 1992).

20 | Here, Defendants have requested the Court to take judicial notice of the subject
21 | deed of trust. *See* RJN, Exhibit 1. The RJN is for the purpose of further showing (1)
22 | the date of the Loan, (2) that RVP was identified as the lender and (3) that Plaintiff's
23 | address as stated in the subject deed of trust. None of this information has actually
24 | been disputed by Plaintiff. As such, the RJN is proper and should be granted.

25 | **XI.** **CONCLUSION**

26 | For the foregoing reasons, Defendants respectfully requests the Court to dismiss
27 | Plaintiff's Complaint in its entirety, with prejudice, as to RVL, A. Levy, L. Levy,
28 | Taitz and Druian. Further, Defendants respectfully requests the Court to dismiss all

claims asserted in the Complaint against RVP, except for "Count 3" for an alleged violation of 15 U.S.C. § 1639.

DATED:  October 18, 2018

ALVARADOSMITH
A Professional Corporation

By:   /s/ Jacob M. Clark
   S. CHRISTOPHER YOO
   JACOB M. CLARK
   Attorneys for Defendants
   REAL VALUE PROPERTIES, LLC,
   REAL VALUE LOANS, LLC, ALAN
   LEVY, LEONARD LEVY, BRANDON
   TAITZ and JUSTIN DRUIAN

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**
Jose F. Alfaro v. Real Value Properties, LLC, et al.
Case No. 5:18-cv-01756-GW(SPx)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Suite 200, Santa Ana, CA 92707**.

On October 18, 2018, I served the foregoing documents described as:

**REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT**

on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☒ **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed in the Service List.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the GSO Overnight or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 18, 2018, at Santa Ana, California.

/s/ Suzanne St. Clair
_____
Suzanne St. Clair

PROOF OF SERVICE

1

4697433.1 -- N1728.2SB

# SERVICE LIST

Jose F. Alfaro v. Real Value Properties, LLC, et al.
**5:18-cv-01756-GW(SPx)**

| | |
|---|---|
| Motaz M. Gerges, Esq.<br>LAW OFFICE OF MOTAZ M. GERGES<br>14320 Ventura Boulevard, Suite 463<br>Sherman Oaks, CA 91423 | Telephone: 818-900-5600<br>gergeslaw@yahoo.com<br><br>Attorney for Plaintiff |