# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 18-1756-GW(SPx) | Date | November 1, 2018 |
|---|---|---|---|
| Title | *Jose F. Alfaro v. Real Value Properties, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Motaz M. Gerges | Jacob M. Clark |

**PROCEEDINGS:     DEFENDANTS' MOTION TO DISMISS THE COMPLAINT [20]**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would grant the motion WITHOUT PREJUDICE to allow Plaintiff an opportunity to amend those claims to conform to this tentative ruling. Plaintiff will have until November 20, 2018 to file a First Amended Complaint.

|  | : | 02 |
|---|---|---|
| Initials of Preparer | JG | |

***Alfaro v. Real Value Properties, LLC***, Case No. 5:18-cv-01756 -GW (SPx)
Tentative Ruling on Motion to Dismiss

## I. __Background__

### A. Factual Background

Plaintiff Jose F. Alfaro ("Plaintiff") sues Real Value Properties, LLC ("RVP"); Real Value Loans, LLC ("RVL"); Alan Levy ("A. Levy"); Leonard Levy ("L. Levy"); Brandon Taitz ("Taitz"); Justin Druian ("Druian"); and Does 1 through 20 (collectively, "Defendants") for: (1) unfair trade practices involving non-compliance, under 15 U.S.C. § 1601; (2) disclosure violation under 15 U.S.C. § 1635; (3) missing statements violation under 15 U.S.C.§ 1639; (4) missing disclosure statements violation under 15 U.S.C. § 1638; (5) disclosure violations under 12 C.F.R. § 226; (6) right to rescind violations under 12 C.F.R. § 226; (7) right to cancel violations under 12 C.F.R § 226; (8) deceptive grouping violations under 12 C.F.R. § 226; (9) no good faith estimate violations under 12 C.F.R. § 226; (10) missing consumer statement violations under 12 C.F.R. § 226; (11) disclosure violations under 15 U.S.C. § 1601; (12) failure to disclose calculation of mortgage balance under 12 C.F.R. § 226.4; (13) failure to disclose itemization of charges under 12 U.S.C. § 2610; (14) inflation of acceleration fees under 12 U.S.C. § 2610; (15) failure to disclose date in violation of 12 U.S.C. § 2610; (16) failure to provide copies of mortgage in violation of 15 U.S.C. § 1601; (17) failure to obtain signed loan documents under 15 U.S.C. § 1601 *et seq.* and "Title 12, Regulation Z, Part 226;" (18) failure to disclose use of settlement fees in violation of "Title 12, Regulation Z" and 15 U.S.C. § 1601; (19) failure to disclose lower interest rate under 12 U.S.C. § 2601; (20) failure to disclose loan origination fee under 12 U.S.C. § 2601; (21) failure to give 3 day cooling period in violation of 15 U.S.C. § 1601 and "Regulation Z"; (22) failure to give conspicuous writings under 15 U.S.C. § 1601 and 12 C.F.R. § 226.18; (23) failure to give proper notice of default and right to cure and acceleration notice under 12 U.S.C. § 2601, 15 U.S.C. § 1601, and 12 C.F.R. § 226.18; (24) violation of failure to disclose interest rate pursuant to "Regulation Z, Part 226.4"; (25) violation of Mortgage Reform and Predatory Lending Act pursuant to Dodd-Frank Title XIV; and (26) injunctive relief. *See generally* Complaint, Docket No. 1.

The Complaint alleges the following:  On or around March 8, 2017, Plaintiff and Defendants purported to execute a "mortgage and Note to be loan number RVP-D170357."  *See*

1

Complaint ¶ 18.  Defendant RVP extended a $243,750 "hard money loan" ("the Loan") to Plaintiff to purchase a property at 559 Elm Park Avenue, Rialto, California ("the Property").  *See id.* ¶¶ 33, 37.  Defendant RVL "offered and approved" the Loan, secured by the Property.  *See id.*  The Loan constituted financing for a one-year period.  *See id.* ¶ 35.  The interest payments added up to approximately 12% of the Loan value per month, and in the event of default, would gain another 12% per month for a total of 24% interest per month.  *See id.* ¶¶ 34, 38.  Defendants knew that Plaintiff could not make these payments based on his income.  *See id.* ¶ 46.  Defendants collected inflated unconscionable fees, which included $3,980 "steered and kick backed" to an unknown entity named Legacy Private Lending, and Defendant RVP collected a $2,435.50 origination fee.  *See id.* ¶ 44.  In the event of default, Defendants would proceed with non-judicial foreclosure to control the entire equity on the Property, which constituted over $200,000.  *See id.* ¶¶ 42-43.

Plaintiff was coerced into entering this agreement because he did not receive documents in his native language of Spanish.  *See id.*  Defendants intentionally failed and/or refused to provide Plaintiff with various disclosures that would indicate that the contract entered into was void and illegal, and Defendants failed and/or refused to provide copies of the complete mortgage and note.  *See id.* ¶¶ 19, 22.  More specifically Defendants failed to provide a copy of the "TILA-RESPA Integrated Disclosure" and the "Closing Disclosure Statement."  *See id.* ¶¶ 42-43, 53-54.  Defendants failed to disclose that the Loan had an interest rate of 12%, higher than stated in preliminary disclosures, and Plaintiff never delivered to Defendants an acceleration statement to accelerate the loan.  *See id.* ¶ 20.  Defendants never provided Plaintiff with monthly statements.  *See id.*  Defendants failed to explain to Plaintiff that he was receiving a "hard money loan for business purposes" despite the fact he sought financing for his single-family home where he resided.  *See id.* ¶ 21.  In addition, Defendants engaged in abusive or unfair lending practices, including unjustified risk-based pricing, failing to present the loan price as negotiable, failing to clearly and accurately disclose terms and conditions, and for lending a short-term loan with a disproportionately high fee.  *See id.* ¶ 26.

### B. Procedural Background

Defendants filed a motion to dismiss the Complaint.[1]  *See* Motion to Dismiss the Complaint

---

[1] In support of the Motion, Defendants filed a request for judicial notice.  *See* Request for Judicial Notice in Support of the Motion to Dismiss the Complaint of Defendants ("RJN"), Docket No. 22.  Plaintiff filed an "objection" to Exhibit 1 of the RJN, which is the only document submitted as part of the RJN.  *See* Objection to Defendants' Request for Judicial Notice ("RJN Opp'n"), Docket No. 26.  Exhibit 1 of the RJN is a copy of the deed of trust

("Motion"), Docket No. 20.  Plaintiff filed an opposition to the Motion.  *See* Opposition to Motion to Dismiss ("Opp'n"), Docket No. 25.  Defendants filed a reply.  *See* Reply to Plaintiff's Opposition to the Motion to Dismiss the Complaint ("Reply"), Docket No. 27.

## II.  <u>Motion to Dismiss</u>

### A.  12(b)(6) Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

In deciding a 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").  The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The court is not required to accept as true legal conclusions couched as factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied.  *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013).  But if "the well-pleaded facts do not permit the court to infer more

---

("DOT") recorded on March 15, 2017 with the San Bernardino County Recorder's Office as instrument number 2017-0112225.  *See* RJN ¶ 1; RJN Ex. 1.  The Court would find that exhibit suitable for judicial notice or a motion to dismiss.

than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] . . . the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citations omitted).

     **B. Analysis**

     Defendants move to dismiss all 26 causes of action in the Complaint, except for "Count 3" against Defendant RVP.[2] *See generally* Motion. Those causes of action, labeled as "counts" delineated in Section I.A above, predominantly fall under two categories of violations: Truth in Lending Act ("TILA") violations, and Real Estate Settlement Procedures Act ("RESPA") violations. *See generally* Complaint. Defendants take aim at the 26 causes of action by making six core arguments, lumping certain causes of action into each argument. Because of the inordinate number of causes of action (and the sheer disorganization in the Complaint), the Court will analyze the causes of action in the order and categories they arise in Defendants' six arguments.

     1.   *Whether Counts 1-13, 15-18, and 21-24 Fail as to Defendants RVL, A. Levy, L. Levy, Taitz, and Druian Due to The Fact They Are Not Creditors of the Loan*

     Defendants argue that Counts 1-13, 15-18, and 21-24 fail as to Defendants RVL, A. Levy, L. Levy, Taitz, and Druian because they do not constitute creditors of the Loan. *See* Motion at 3-4. In making this argument, Defendants assume the aforementioned claims are TILA claims for damages, and thus, they argue that TILA would require Defendants to be creditors for these claims to proceed. *See id.*; RJN Ex. 1. In response, Plaintiff asserts that Defendants RVL, A. Levy, L. Levy, Taitz, and Druian are liable because they are the alter ego of Defendant RVP, who is a creditor of the Loan. *See* Opp'n at 5. Defendants rebut, arguing that Plaintiff does not plead sufficient alter ego allegations. *See* Reply at 4-5.

     Under TILA, 15 U.S.C. § 1640(a) provides that:

**(a) Individual or class action for damages; amount of award; factors determining amount of award**

Except as otherwise provided in this section, ***any creditor*** who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person . . . .

---

[2] Count 3 is for "missing statements violation, pursuant to 15 U.S.C. [§] 1639." *See* Complaint ¶¶ 110-114 (capitalization altered).

*See* 15 U.S.C. § 1640(a) (emphasis added); *see also Westfall v. Mortg. Elec. Registration Sys., Inc.*, No. 3:15-CV-01403-L-(NLSx), 2017 WL 4340438, at *4 (S.D. Cal. Sept. 29, 2017) ("TILA liability applies to the creditor on the original loan and its assignees."). The statute defines "creditor," providing in part that:

> **(g)** The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

*See* 15 U.S.C. § 1602(g).

Assuming the aforementioned claims are for damages under TILA, TILA is clear that Defendants must constitute creditors for those claims to survive as alleged against them. Taking into consideration the Complaint and the deed of trust submitted as part of Defendants' RJN, only Defendant RVP appears to be a creditor of the Loan, with the Complaint providing insufficient allegations that would indicate otherwise. *See generally* RJN Ex. 1; *see generally* Complaint. Though the alter ego doctrine could potentially save these claims as to Defendants RVL, A. Levy, L. Levy, Taitz, and Druian, the Complaint does not adequately plead that any of those entities are the alter ego of Defendant RVP. *See generally* Complaint. Paragraph 11[3] in the Complaint is the only allegation directly touching on this inquiry, but it constitutes no more than a conclusory allegation. *See Iqbal*, 556 U.S. at 678-79 (citations omitted). Except as to RVP, the Court would dismiss claims 1-13, 15-18, and 21-24 to the extent they are TILA claims for damages.[4]

>    2. *Whether Counts 1, 4-13, 15-18, and 21-24 Are Barred by the Statute of Limitations*

Defendants argue that the one-year statute of limitations enumerated in 15 U.S.C. § 1640(e)

---

[3] In full, Paragraph 11 in the Complaint alleges that:

> Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this Complaint, was the alter ego of each of the remaining Defendants and was the agent and employee of each of the remaining Defendants and in doing the things herein alleged was acting within the course and scope of their agency and employment.

[4] The Court is unsure of whether all those claims are in fact TILA claims for damages, in part because of the Complaint's profound disorganization. At the hearing, the Court would inquire as to whether that is actually the case.

bars Counts 1, 4-13, 15-18, and 21-24 because they all seek damages for alleged violations under 15 U.S.C. § 1601 and Regulation Z under TILA.  *See* Motion at 5-9.  According to Defendants, that conclusion is "undeniable" from the face of the Complaint, which alleges that the Loan was consummated in March 2017.  *See id.* at 5.  Defendants also preemptively rebut any contention that equitable tolling would apply.  *See id.* at 5-8.  In opposition, Plaintiff argues that equitable tolling applies because Defendants did not provide the required disclosures and because Plaintiff does not read, write, or speak fluent English.  *See* Opp'n at 8-13.

When a plaintiff alleges a TILA damages claim, the statute of limitations is one year.  15 U.S.C. § 1640(e).  Ordinarily, the limitations period runs from the date of the transaction's consummation, unless equitable tolling applies.  *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986).  Courts may toll that one year period if the borrower lacked a reasonable opportunity to discover the fraud or nondisclosures forming the basis of the TILA claim.  *King*, 784 F.2d at 915. With equitable tolling, the central question in this context is whether "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period," and as such, a plaintiff must plead facts indicating an "excusable delay" in discovering the claim.  *Id.*; *see also Hubbard v. Fidelity Fed. Bank,* 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling where "nothing prevented [her] from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and regulatory requirements.") (citing *King*, 784 F.2d at 915)).

In some cases and contexts, district courts have found that failing to adequately explain mortgage documents in the borrower's native language warrants the application of equitable tolling.  *See Gomez v. Calpacific Mortg. Consultants, Inc.*, No. CV 09-2926 IEG, 2010 WL 2610666, at *4 (S.D. Cal. June 29, 2010) (applying equitable tolling where a Spanish speaker could not have found out about a claim until her mortgage documents were reviewed by mortgage professionals two years later); *Carnero v. Weaver*, No. CV 09-1995 JF, 2009 WL 2180372, at *2 (N.D. Cal. July 22, 2009) (finding equitable tolling for failure to provide documents in Spanish); *Galindo v. Financo Fin., Inc.*, No. CV 07-03991 WHA, 2008 WL 4452344, at *4 (N.D. Cal. Oct. 3, 2008) (tolling limitations period on TILA claim based on plaintiff's inability to read at the time she signed the loan documents); *Gonzalez v. Ameriquest Mortgage Co.*, No. CV 03-00405 JSW, 2004 WL 2472249, at *5 (N.D. Cal. Mar. 1, 2004) (tolling limitations period on TILA claim where mortgage broker provided documents only in English despite knowing that plaintiff spoke only

Spanish).

On the other hand, the Court recognizes that TILA does not require lenders to translate documents, and the Court is hesitant to read that requirement into TILA. *Diaz v. Bank of Am. Home Loan Servicing, L.P.*, No. CV-09-9286-PSG-(MANx), 2011 WL 13046844, at *3 (C.D. Cal. July 8, 2011) (noting in the context of equitable tolling that "TILA does not impose a translation requirement on lenders and the Court is reluctant to add such a substantive requirement given Congress' failure to do the same."). There are also numerous district courts that have refused to toll the one-year statute of limitations in similar situations. *Gomez v. Wachovia Mortgage Corporation*, No. CV 09-2111 SBA, 2010 WL 291817, at *4 (N.D. Cal. Jan. 19, 2010) ("[e]ven construing the alleged facts in the light most favorable to Plaintiff, Plaintiff do[es] not allege, or imply, any facts or circumstances that served to prevent her – in the exercise of all due diligence – from having the documents translated into Spanish or having a third party review the documents for her."); *see also Razon v. Bank of America*, No. CV 10-5854-LHK, 2011 WL 1344272, *4 (N.D. Cal. April 8, 2011) (declining to apply equitable tolling where "Plaintiffs have not alleged any facts or circumstances that prevented them from obtaining language assistance or otherwise discovering the alleged TILA violations."); *Cabrera v. Long Beach Mortg.*, No. CV 10-3143 CRB, 2011 WL 1113467, *2-3 (N.D. Cal. Mar. 25, 2011) (declining to apply equitable tolling where plaintiff with little English skills took few actions other than seeking assistance from a bank). In line with these cases, the Complaint fails to allege a sufficient basis for equitable tolling; there are insufficient allegations indicating that Plaintiff lacked a reasonable opportunity to discover the fraud or nondisclosures forming the basis of the TILA claims or that there was some kind of excusable delay. *See King*, 784 F.2d at 915. Moreover, the mere allegation that certain disclosures were never provided is not enough. *Amina v. WMC Fin. Co.*, No. CV 18-00143 DKW-(KSCx), 2018 WL 3312955, at *16 (D. Haw. July 5, 2018) (holding that "the purported nondisclosures themselves cannot serve as a basis to justify tolling."); *Garcia v. Wachovia Mort. Corp.*, 676 F.Supp.2d 895, 896 (C.D. Cal. 2009) (holding that "the mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."). Because the Loan consummated in March 2017, with the Complaint filed in August 2018, the one-year statute of limitations would bar claims 1, 4-13, 15-18, and 21-24 to the extent they are in fact TILA claims

for damages.[5]

### 3. Whether Plaintiff Has a Right to Rescind Based on 15 U.S.C. § 1635

Defendants argue Plaintiff has no right to rescind under 15 U.S.C. § 1635 ("Section 1635") of TILA because that section does not apply to the Loan as a residential mortgage transaction.  *See* Motion at 9-10.  As such, Defendants argue the Court should dismiss Count 2.  *See id.*  By contrast, Plaintiff argues that the Loan is not a residential mortgage transaction because it did not involve an installment contract.  *See* Opp'n at 20-21.

Pursuant to Section 1635, a creditor must disclose to a borrower the right to rescind certain transactions.  15 U.S.C. § 1635(a).  TILA exempts from this rescission provision residential mortgage transactions.  15 U.S.C. § 1635(e)(1).  As defined under TILA, a "residential mortgage transaction means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x).[6]  Throughout the Complaint, Plaintiff makes allegations that place the Loan transaction within this definition.  *See* Complaint ¶ 33 ("When Plaintiff had an opportunity to purchase the property located at 559 Elm Park Avenue, Rialto CA 92376 . . . defendants offered to help.), ¶ 67 ("Plaintiff found the property that happened to bear approximately $200,000 in equity.  Plaintiff wanted to buy it as his castle but was not able to obtain a conventional loan due to his credit being less than perfect."), ¶ 71 ("Defendants coerced Plaintiff in[to] entering in[to] a deal for [an] alleged 'business purpose' when he was only trying to purchase a home as his personal residen[ce].").  The Court would not apply Section 1635 to loans financing the acquisition of a residential property, including the Loan at issue here.  *See Linares v. First Mortg. Corp.*, No. CV 11-10633 CAS-(CWx), 2012 WL 386714, at \*3 (C.D. Cal. Feb. 6, 2012) ("Here, plaintiffs' loan was used to finance the purchase of their single family residence.

---

[5] As the Court has indicated, it will inquire at the November 1, 2018 hearing whether those claims are all actually TILA claims for damages.

[6] Section 1635(e)(1) refers to Section 1602(w), which was redesignated as Subsection (x).  On a more substantive note, the Court would disagree with Plaintiff that Section 1602(x) only applies to loan transactions involving installment contracts, based on a reading of the statute and the absence of case law to the contrary.  *See* 15 U.S.C. § 1602(x); *Cooper v. Countrywide Home Loans*, 724 Fed. Appx. 741, 743 (11th Cir. 2018) (holding that the plaintiff "cites no authority, and [the court] find[s] none, suggesting that because section 1602(x)'s definition includes 'a security interest arising under an installment sales contract,' only such contracts are 'residential mortgage transactions.'").

Therefore, this case involves a residential mortgage transaction exempt from the right to rescind under TILA."); *see also Sitanggang v. Countrywide Home Loans, Inc.*, 419 Fed. Appx. 756, 757 (9th Cir. 2011) (affirming district court's dismissal of the plaintiff's TILA rescission claim because the loan taken to acquire the plaintiff's property constituted a "residential mortgage transaction."). Therefore, the Court would dismiss Count 2.

> 3. *Whether Counts 13-15, 19-20, and 23 for Damages Fail Because Plaintiff Has No Private Right of Action and/or the Claims Are Barred by the Statute of Limitations*

Defendants argue that Counts 13-15, 19-20, and 23 fail because: (1) Plaintiff bears no private right of action under 12 U.S.C. § 2610, and (2) because the statute of limitations bar those claims. *See* Motion at 10-14. The Court will address Defendants' arguments in turn.

As to the private right of action argument, the Court agrees that Plaintiff has no private right of action under 12 U.S.C. § 2610. *Croskrey v. Ocwen Loan Servicing LLC*, No. SACV-14-01318-DOC-(RNBx), 2015 WL 12684341, at *12 (C.D. Cal. May 22, 2015) ("RESPA [does not] provide a private right of action for violations of 12 U.S.C. § 2610, which prevents lenders and servicers from imposing fees of RESPA or TILA disclosures . . . ."). Though RESPA expressly provides for a private right of action for violating 12 U.S.C. §§ 2605, 2607, 2608, the Court would not read in an implied private right of action for other sections such as 12 U.S.C. § 2610. *Hilton v. Washington Mut. Bank*, No. C09-1191 SI, 2010 WL 727247, at *4 (N.D. Cal. Mar. 1, 2010) (noting that "[n]umerous courts have held that because Congress expressly provided private remedies for those sections of the Act, there is no implied private right of action for other sections of RESPA that do not contain language explicitly recognizing a private remedy.") (citations omitted). To the extent that Counts 13-15, 19-20, and 23 invoke 12 U.S.C. § 2610, the Court would dismiss those claims because there is no private right of action. It is unclear to the Court, however, how Counts 19-20 and 23 plead a violation of 12 U.S.C. § 2610, and so the Court is inclined to refrain from dismissing those claims on this basis. The Court will inquire at the hearing as to which claims fall due to the Court's ruling on this argument.

As to the statute of limitations argument, the Court would decide that to the extent Counts 13-15, 19-20, and 23 are based on 12 U.S.C. § 2607, the statute of limitations for those claims is one year. *See* 12 U.S.C. § 2614 (providing for a one-year statute of limitations as to claims under Section 2607). With the Court applying the same equitable tolling analysis to RESPA claims as it

does to TILA claims, the Court would again conclude that equitable tolling does not apply for the reasons articulated above. *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1040 (9th Cir. 2014) ("*King's* logic with regard to the TILA limitation period applies equally to the parallel RESPA provision."). To the extent that Counts 13-15, 19-20, and 23 are alleged pursuant to 12 U.S.C. § 2607, the Court would hold that they are barred by the statute of limitations because the alleged violations took place over a year before Plaintiff filed the Complaint. Again, it is unclear to the Court that all the aforementioned claims fall within this bucket.

### 5. Whether Count 25 Fails for Not Referencing the Statutory Basis for the Claim

Defendants assert that the Court should dismiss Count 25 because it fails to state a statutory basis for the claim. *See* Motion at 14. On the other hand, Plaintiff argues that the Complaint properly pleads Count 25. *See* Opp'n at 22-23.

In the Complaint, Count 25 does not cite the specific statutory provision on which it rests. *See* Complaint ¶¶ 203-06. Though it is titled as "Violation of Mortgage Reform and Predatory Lending Act Pursuant to Dodd-Frank, Title XIV," the Court would dismiss the claim for failing to more specifically assert which sections of those statutory schemes Defendants allegedly violated. Plaintiff will have an opportunity to do so in an amended complaint if he chooses to file one, and the Court would at that time address Defendants' argument in the Reply that Count 25 would be duplicative of other causes of action even if properly pleaded. *See* Reply at 11-12.

### 6. Whether Count 26 Fails Because Injunctive Relief Is a Remedy, Rather than a Cause of Action

Defendants argue that Count 26, a claim for injunctive relief, is a remedy rather than a cause of action. *See* Motion at 14-15. Thus, according to Defendants, the Court should dismiss that claim. *See id.* The Court would agree, and hold that "[i]njunctive relief is a remedy, and not, in and of itself, a cause of action." *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1073 (C.D. Cal. 2017) (dismissing independent cause of action for injunctive relief in a complaint alleging copyright infringement). Moreover, Count 26 is entirely duplicative of the other 25 causes of action and adds no non-conclusory allegations.

### III. Conclusion

For the foregoing reasons, the Court would **DISMISS** Plaintiffs' claims to the extent the

above determinations apply to them.[7]   The Court would grant the motion **WITHOUT PREJUDICE**[8] to allow Plaintiff an opportunity to amend those claims to conform to this tentative ruling.  Plaintiff has thirty (30) days to file a first amended complaint.  Plaintiff should take notice that if he does not cure the issues discussed herein, the Court will dismiss the first amended complaint without leave to amend.  In addition, the Court requests that Plaintiff better organize the amended complaint and that he consolidate his causes of action rather than alleging 25+ claims that fall into a handful of buckets.

---

[7] During the November 1, 2018 hearing, the Court will try to decide which claims fall due to the Court's determinations made herein.  If for some reason the Court cannot do so based on oral argument, the Court would ask the parties to create some kind of table/matrix or provide supplemental briefing demonstrating how these arguments apply to each specific claim.  In any event, the Court would allow Count 3 as alleged against Defendant RVP to proceed because Defendants have conceded that point.

[8] As per Rule 15 of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).