# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 18-1756-GW(SPx) | Date | January 24, 2019 |
|---|---|---|---|
| Title | Jose F. Alfaro v. Real Value Properties, LLC, et al. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jose F. Alfaro, PRO SE | Jacob M. Clark |

**PROCEEDINGS:**   DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND MOTION TO STRIKE [31]

The Court's Tentative Ruling is circulated and attached hereto. Court confers with the parties. For reasons stated on the record, Defendants' Motion is continued to February 25, 2019 at 8:30 a.m. Plaintiff will have until February 25, 2019 to file a response. Defendants' reply is to be filed by February 15, 2019.

|  | : | 05 |
|---|---|---|
|  | Initials of Preparer | JG |

<u>*Alfaro v. Real Value Properties, LLC*</u>, Case No. 5:18-cv-01756 -GW (SPx)
Tentative Ruling on Motion to Dismiss the First Amended Complaint and Motion to Strike

## I. <u>Background</u>[1]

Plaintiff Jose F. Alfaro ("Plaintiff") sues Defendants Real Value Properties, LLC; Real Value Loans, LLC; Alan Levy; Leonard Levy; Brandon Taitz; Justin Druian; and Does 1 through 20 (collectively, "Defendants") for: (1) declaratory and injunctive relief for violations of 15 U.S.C. §§ 1601, 1635, 1638, 1639, and Regulation Z; (2) declaratory and injunctive relief for violation of 12 C.F.R. §226; (3) declaratory and injunctive relief for violations of 12 U.S.C. § 2601; (4) declaratory and injunctive relief for violation of 12 U.S.C. §2610; (5) declaratory and injunctive relief for violation of the Mortgage Reform and Anti-Predatory Lending Act pursuant to Dodd-Frank Title XIV; (6) declaratory and injunctive relief for violations of the Racketeer Influenced Corrupt Organizations Act; (7) declaratory and injunctive relief for conspiracy to violate the Racketeer Influenced Corrupt Organizations Act; (8) declaratory and injunctive relief for violations of FDCPA; (9) declaratory and injunctive relief for violation of California Business & Professions Code § 17200; and (10) declaratory and injunctive relief.  *See generally* First Amended Complaint ("FAC"), Docket No. 29.  Plaintiff primarily complains that the Defendants engaged in "abusive or unfair lending practices."  *See id.* at 6.

Now before the Court is Defendants' motion to dismiss the FAC.[2]  *See* Motion to Dismiss the First Amended Complaint and Motion to Strike ("Motion"), Docket No. 31.  Plaintiff failed to file an opposition or anything that the Court could construe as an opposition.  *See* Docket.  Defendants filed a reply in support of the Motion.  *See* Reply Memorandum Re: No Opposition to the Motion to Dismiss the First Amended Complaint and Motion to Strike ("Reply"), Docket No. 33.  On January 10, 2019, the Court issued a tentative ruling indicating that it would dismiss this

---

[1] This tentative ruling is substantially similar to that issued on January 10, 2019.  *See generally* Jan. 10, 2019 Civil Minutes, Docket No. 34.  The Court has added more information to Section I and has altered Section III accordingly.

[2] On November 1, 2018, the Court granted a prior motion to dismiss the original Complaint without prejudice.  *See* Nov. 1, 2018 Civil Minutes, Docket No. 28.  In its order, the Court noted the "sheer disorganization in the Complaint" and thereafter granted the motion to dismiss because: (1) certain of Plaintiff's Truth in Lending Act claims sought damages from parties that were not liable under that statute; (2) other causes of action were barred by the relevant statute of limitations; (3) Plaintiff had no right to seek recession under 15 U.S.C. § 1635; and (4) in certain other of his claims, Plaintiff did not have a private right of action.  *Id.*  Finally, at the conclusion of its ruling, the Court cautioned the Plaintiff that if: "if he does not cure the issues discussed herein, the Court will dismiss the first amended complaint without leave to amend."  *Id.* at 11.

lawsuit without prejudice if Plaintiff failed to timely file an opposition to the Motion or a request for a continuance. *See* Jan. 10, 2019 Civil Minutes ("TR"), Docket No. 34 at 2. Plaintiff appeared at that hearing, and with the assistance of Deputy Clerk to translate the Court told Plaintiff in Spanish that he would have until January 18, 2019 to file a response to the Court's tentative ruling. As of January 22, 2019, four days after that deadline passed, Plaintiff has yet to file a response to the Motion or to the Court's tentative ruling.

## II. **Analysis**

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure] 56 may not be granted solely based on the failure to file an opposition." L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming the grant of an unopposed motion to dismiss, deeming a pro se litigant's failure to oppose as consent to granting the motion).

Before dismissing an action for noncompliance with a local rule, a district court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (internal quotation marks omitted)). This five-factor test is in the disjunctive, meaning not all five factors must support dismissal in order to dismiss a case. *See Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

Here, the hearing on the Motion was set for January 10, 2019. According to the local rules, Plaintiff's opposition was therefore due by December 20, 2018. From examining the docket, Plaintiff failed to file an opposition or anything that could be construed as an opposition or request for a continuance by that date.[3] Even after the Court explicitly gave Plaintiff a second chance to file an opposition, as instructed in the TR at page 2 and in-person at the January 10, 2019 hearing, Plaintiff still failed to file an opposition or alternatively a request for a continuance. The balance of the abovementioned factors weighs in favor of dismissal. As to the first factor, the public's interest in the expeditious resolution of litigation, it "always favors dismissal." *Pagtalunan v.*

---

[3] The Court would note that Plaintiff was represented by counsel in this lawsuit up to and including the filing of his FAC. Thereafter, his counsel withdrew and he continued in pro per status.

*Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). As to the second factor, the Court's need to manage its docket, the Court would conclude that it also favors dismissal. *Id.* at 644 (noting "the need of the district court in the Central District of California to manage its huge caseload.") (Trott, J., concurring); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004) (noting that when a plaintiff does nothing, "resources continue to be consumed by a case sitting idly on the court's docket."). Congestion in the Central District of California's docket is well-known, and the docket of this Court in particular is no exception. As to the third factor, "[a] rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action." *Murphy v. Dep't of Children & Family, Services*, No. CV 15-05347-JLS (AJW), 2016 WL 183047, at *3 (C.D. Cal. Jan. 14, 2016). Plaintiff has made no showing to rebut this presumption, so this factor also favors dismissal. Though the fourth and fifth factors (public policy favoring disposition of cases on the merits and the availability of less drastic sanctions) are relevant, "those factors bear less weight in light of Local Rule 7-12, under which all parties are advised that failing to respond to a motion consents to the Court granting a motion to dismiss without considering the merits." *Sowinski v. California Air Res. Bd.*, No. SACV-15-02123-JLS-(JCGx), 2016 WL 5886902, at *2 (C.D. Cal. Aug. 18, 2016), *aff'd*, 720 F. App'x 615 (Fed. Cir. 2017) (affirming dismissal with prejudice for failure to file an opposition to a motion to dismiss); *Newman v. Lamont*, No. CV 11-02379 PA (AJWx), 2011 WL 5909837, at *3 (C.D. Cal. Oct. 26, 2011) (finding that the fourth factor favors dismissal in part because the "local rules provide notice that litigants, including those proceeding pro se, must comply with those rules or face possible sanctions, including dismissal.") (citing L.R. 7-12). In balancing the aforementioned five factors, the Court would conclude that dismissal is warranted because the majority of these factors weigh in favor of dismissal, and the two that do not are lessened due to L.R. 7-12.

### III. Conclusion

For the foregoing reasons, the Court would **DISMISS** the FAC without prejudice because the *Ghazali* factors cut in favor of dismissal and because Plaintiff failed to file an opposition or a request for a continuance despite having two opportunities to do so.