S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@AlvaradoSmith.com
JACOB M. CLARK (CA Bar No. 266630)
jclark@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
REAL VALUE PROPERTIES, LLC, REAL VALUE LOANS, LLC, ALAN LEVY, LEONARD LEVY, BRANDON TAITZ and JUSTIN DRUIAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE F. ALFARO,<br><br>   Plaintiff,<br><br>v.<br><br>REAL VALUE PROPERTIES, LLC; REAL VALUE LOANS, LLC; ALAN LEVY; LEONARD LEVY; BRANDON TAITZ; JUSTIN DRUIAN; and DOES 1 to 20,<br><br>   Defendants. | **CASE NO.:** 5:18-cv-01756-GW-SP<br><br>**JUDGE:** Hon. George H. Wu<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND MOTION TO STRIKE**<br><br>**DATE:** February 25, 2019<br>**TIME:** 8:30AM<br>**CTRM:** 9D, 9th Floor<br><br>**ACTION FILED:** August 21, 2018 |

   Defendants Real Value Properties, LLC ("RVP"), Real Value Loans, LLC ("RVL"), Alan Levy ("A. Levy"), Leonard Levy ("L. Levy"), Brandon Taitz ("Taitz") and Jordan Druian ("Druian," and collectively "Defendants") respectfully submit this Reply to plaintiff Jose F. Alfaro's ("Plaintiff") Opposition to the Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6).

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Real Value Properties, LLC ("RVP"), Real Value Loans, LLC ("RVL"), Alan Levy ("A. Levy"), Leonard Levy ("L. Levy"), Brandon Taitz ("Taitz") and Jordan Druian ("Druian," and collectively "Defendants") submit the following Reply to the Opposition to the Motion to Dismiss the First Amended Complaint ("FAC") of plaintiff Jose Alfaro ("Plaintiff") and Motion to Strike.

## I. SUMMARY OF ARGUMENT

Plaintiff's Opposition completely fails to address the substance of the Motion to Dismiss the FAC ("Motion") pending before this Court. In fact, the Opposition supports Defendants' contention that this lawsuit is without merit. The Opposition demonstrates that the alleged wrongdoing, if any, was done by Plaintiff's real estate agents, *not Defendants*.

Moreover, from a practical standpoint, this action is merely a delay of the inevitable. The subject loan was made as a commercial or investment loan and not a residential loan. Thus, the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedure Act ("RESPA") do not apply to the subject loan. *See* 15 U.S.C. § 1603(1); 12 U.S.C. § 2606(a)(1); and 12 CFR 1026.3(a). The longer this case "drags on," RVP will continue to incur attorneys' fees and costs and such fees and costs will be added to the subject loan balance. It is not in the interest of Plaintiff to maintain this lawsuit.

Accordingly, for the reasons stated in the moving papers and this Reply, Defendants respectfully request the Court to grant their Motion in its entirety.

## II. PLAINTIFF'S OPPOSITION SHOWS THAT THIS LAWSUIT AGAINST DEFENDANTS HAS NO MERIT IN LAW OR IN EQUITY

When this lawsuit was originally filed, it only asserted claims under TILA and RESPA. After Defendants' original motion to dismiss was granted, in the FAC, Plaintiff reasserted the same TILA and RESPA claims, and for some reason, refashioned those claims as declaratory relief actions. Additionally, Plaintiff

proceeded to improperly add the following claims: (1) the Sixth Claim for "Declaratory and Injunctive Relief for Violations of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968"; (2) the Seventh Claim for "Declaratory and Injunctive Relief for Conspiracy to Violate the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968"; (3) the Eighth Claim for "Declaratory and Injunctive Relief for Conspiracy to Violation FDCPA"; and (4) the Ninth Claim for "Declaratory and Injunctive Relief for Violation of California Business & Professions Code § 17200, et seq."

After this Motion was continued twice to allow Plaintiff, who is now in pro per, to file an opposition, Plaintiff makes new argument demonstrating that Defendants are not the perpetrators of the alleged wrongdoing against Plaintiff. Instead, Plaintiff admits in his Opposition that the real defendants are Sergio Alvarez ("Alvarez") and Rebecca Gomez ("Gomez"), and possibly his prior counsel.

At the outset, in the Opposition, Plaintiff makes a glaring admission that Plaintiff purposefully defaulted on the subject loan. Specifically, in the Opposition, Plaintiff asserts that he "was advised by his prior attorney to stop making payments because the loan was predatory and that the matter should be handled in a court of law. Plaintiff agreed with the advice of his attorney completely and – now to Plaintiff's detriment." *See* Opposition, 6:23-26. Thus, the foreclosure that has been pending during this action was the result of Plaintiff intentionally ceasing payments on the advice of counsel.

In the Opposition, it appears that Plaintiff is alleging that he retained the services of Alvarez and Gomez as his real estate agents, who he relied upon for the purchase of the Subject Property and acquisition of the Loan from RVP:

> Plaintiff relied on his real estate agent's instructions and advice. Plaintiff did not question his real estate agent because Plaintiff believed that Sergio Alvarez was working in Plaintiff's best interest. As stated in Plaintiff's complaint, Plaintiff has absolutely no real estate knowledge and only an eight-grade education. Plaintiff is a laborer and his knowledge and education are very limited.

*See* Opposition, 9:10-15. Plaintiff allegedly told Alvarez and Gomez that he wanted to purchase the Subject Property to be his primary residence. *See* Opposition, 3:16-18. However, after running his credit, Alvarez and Gomez informed Plaintiff that "his credit was not sufficient to purchase the home from a conventional lender. The realtors informed Plaintiff that he would have to use a 'hard money' lender." *See* Opposition, 3:9-13.

Allegedly, Plaintiff was then accompanied by Alvarez to Legacy Private Funding, where "Plaintiff did not fill out the paper work given to him, Plaintiff was merely instructed to sign the documents." *See* Opposition, 9:7-11. Plaintiff claims that Alvarez, *not Defendants*, "knew Plaintiff and was aware of Plaintiff's lack of knowledge and lack of education." *See* Opposition, 13:3-5. As such, Plaintiff claims that Alvarez was the party that essentially defrauded Plaintiff:

> Plaintiff believe and alleges that Alvarez intentionally placed Plaintiff in a "HARD MONEY" loan knowing at the time that Plaintiff was not an investor and would not qualify for a "HARD MONEY" loan to purchase a single-family residence for himself and his family.

*See* Opposition, 4:9-13.

Plaintiff further alleges that after the consummation of the subject loan, Alvarez and Gomez allegedly concealed the loan documents from Plaintiff, *not Defendants*:

> Plaintiff did not get any of the real estate documents, disclosure documents, escrow documents, until he was instructed to on January 21, 2019. Plaintiff went to Main Street Realtors on this date and requested the documents in order to respond to this Opposition. Prior to January 21, 2019, Plaintiff had no documents regarding the purchase, escrow or loan.

*See* Opposition, 8:20-24. The Opposition alleges that "Plaintiff's real estate agent was negligent, deceitful, and/or fraudulently failed to provide Plaintiff with ANY of the documents concerning the real estate transaction from the consummation of the transaction through the closing of the transaction." *See* Opposition, 13:11-15.

4
**REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND MOTION TO STRIKE**
4742776.2 -- N1728.2SB

Next, at some unknown time when Plaintiff became concerned with the subject loan, Alvarez introduced Plaintiff to his prior counsel. *See* Opposition, 4:7. Plaintiff alleges that his prior counsel "did not put Alvarez, Gomez and Main Street Realtors as Defendants, is that his [prior counsel] had a relationship with Alvarez that was adverse to Plaintiff's causes of action in this matter." *See* Opposition, 4:18-20.

In sum, based upon Plaintiff's own Opposition, Alvarez and Gomez were the individuals that put Plaintiff's in a "hard-money" business loan, that Alvarez and Gomez allegedly concealed the loan documents from Plaintiff, and that the apparent only reason that Defendants were named in this lawsuit was due to an alleged conspiracy between his prior counsel, Alvarez and Gomez. Indeed, with regard to the last point, while Plaintiff is able to give semi-detailed allegations regarding Alvarez's and Gomez's purported actions, the alleged involvement of Defendants is based only on a conclusory belief:

> From the beginning of my application for the purchase of the Property to the present lawsuit, this entire transaction has been inflated with misrepresentations, fraud, deceit, and a clear breach of duty by Sergio Alvarez, Rebecca Gomez, Main Street Realty, Legacy Private Funding, and *I believe also Defendants Real Value properties, LLC, and all named defendants.*

*See* Declaration of Jose F. Alfaro, ¶ 14 [emphasis added].

Accordingly, Plaintiff's Opposition clearly supports Defendants' contention that the instant action should not have been brought against Defendants.

### III. PLAINTIFF FAILS TO SUFFICIENTLY ADDRESS THE MOTION AS TO THE CLAIMS ACTUALLY ASSERTED IN THE FAC

While Plaintiff provides his version of the events that led to filing of this lawsuit, Plaintiff fails to adequately address the actual substance of this Motion pending in front of the Court.

First, Plaintiff fails to address the Seventh Claim for "Declaratory and Injunctive Relief for Conspiracy to Violate the Racketeering influenced Corrupt

Organizations Act, 18 U.S.C. § 1961-1968", the Eighth Claim for "Declaratory and Injunctive Relief for Violation of the FDCPA," and the alter ego claim involving all named defendants except for RVP. Because Plaintiff's total absence of opposition as to these claims demonstrates a concession on these issues, Defendants will not repeat its arguments from the Motion.

### A. Plaintiff's Rescission Claim Under 15 U.S.C. § 1635

Under the First Claim, Plaintiff seeks rescission under 15 U.S.C. § 1635 ("Section 1635") of TILA. As reiterated numerous times in this lawsuit, Section 1635 does not apply to purchase money loans. *See Betancourt v. Countrywide Home Loans, Inc.* 344 F.Supp.2d 1253, 1261 (D. Col. 2004); *Saldate v. Wilshire Credit Corp.* 268 F.R.D. 87, 96 (E.D. Cal. 2010); *Cooper v. Country Wide Home Loans,* 724 Fed.Appx. 741, 743 (11th Cir. 2018); *Dagres v. Countrywide Bank, N. A.,* 2014 WL 3417848, *6 (C.D. Cal. Jul 10, 2014); *Erde v. Eastern Savings Bank, FSB* 2009 WL 10673329, *4 (C.D. Cal. Jun. 17, 2009); *Linares v. First Mortg. Corp.* 2012 WL 386714, *3 (C.D. Cal. Feb. 6, 2012); *Watts v. Decision One Mortgage Co.*, 2009 WL 648669, *4 (S.D. Cal. Mar. 9, 2009).

In the Opposition, Plaintiff acknowledges that the loan was at least for the purpose of purchasing the Subject Property. *See* Opposition, 3:4-6, 3:16-18. Accordingly, this claim fails as a matter of law.

### B. Plaintiff's Claims Under TILA and RESPA are Barred Under the One-Year Statute of Limitations

Except for 16 U.S.C. § 1639, Plaintiff's claims under TILA and RESPA are barred under a one-year statute of limitations. *See* 16 U.S.C. § 1640(e); 12 U.S.C. § 2614. Plaintiff alleges in the FAC that the Loan was consummated in March 2017. *See* FAC, ¶ 67; RJN, Exhibit 1. Because Plaintiff filed this lawsuit in August 2018, Plaintiff's lawsuit is untimely.

In the Opposition, Plaintiff is seeking to toll the statute of limitations based upon the following claim:

> Plaintiff did not get any of the real estate documents, disclosure documents, escrow documents, until he was instructed to on January 21, 2019. Plaintiff went to Main Street Realtors on this date and requested the documents in order to respond to this Opposition. Prior to January 21, 2019, Plaintiff had no documents regarding the purchase, escrow or loan.

*See* Opposition, 8:20-24. Indeed, Plaintiff argues that the "mere fact Plaintiff was not given any documents, and the fact that plaintiff had to go to the real estate office and get the documents on January 21, 2019 clearly indicates an 'excusable delay' in discovering the claim." *See* Opposition, 13:19-23. However, this argument fails as asserted against Defendants for three reasons.

*First*, the simple assertion by a borrower that he did not receive the documents is, by itself, insufficient to toll the statute of limitations. *See Weick v. CIT Group, Inc.* 308 F.Supp.3d 1093, 1130 (D. Haw. 2018).

*Second*, if Plaintiff is seeking to toll the statute of limitations based upon fraudulent concealment, the allegations must pertain to how Defendants themselves engaged in the fraudulent concealment. *See Hilton v. Washington Mut. Bank,* 2010 WL 727247, *6 (N.D. Cal. Mar. 1, 2010). Here, Plaintiff alleges that Alvarez and Gomez fraudulently concealed the loan documents, *not Defendants*.

*Finally,* based upon Plaintiff's Opposition, it appears that when he requested the documents from his real estate agents, they provided the documents without hesitation. *See* Opposition, 8:20-24, 13:19-23. However, lacking from the Opposition is any explanation on what prevented Plaintiff from requesting the loan documents on any date after the consummation of the subject loan. Thus, Plaintiff's own lack of diligence to request the documents from his real estate agent does not provide grounds to toll the statute of limitations.

Accordingly, Plaintiff's claims under TILA and RESPA are time barred.

### C. The Fifth Claim for "Declaratory and Injunctive Relief for Violation of Mortgage Reform and Anti-Predatory Lending Act Pursuant to Dodd-Frank Title XIV" Fails

In order to overcome this Motion, Plaintiff contends that Defendants violated the Dodd-Frank act by citing to specific provisions of TILA. *See* Opposition, 14:25-16:10. Therefore, for the same reasons as stated above, this claim is barred under the one-year statute of limitations pursuant to 16 U.S.C. § 1640(e).

### D. The Sixth Claim for "Declaratory and Injunctive Relief for Violations of the Racketeering Influenced Corruption Organizations Act, 18 U.S.C. §§ 1961-1968" Fails

In response to the Motion, Plaintiff requests the Court to "allow the Plaintiff to amend the complaint to properly address the cause of action if in fact the cause is based on the same general set of facts presented in the original complaint." *See* Opposition, 16:24-26. In the Motion, while Defendant rightfully asserted that this claim was improperly included in the FAC, Defendants also argued that the allegations in the FAC were insufficient to state a claim under Racketeer Influenced and Corrupt Organization Act ("RICO"). Specifically, the Motion argued that Plaintiff failed to sufficiently allege both the predicate acts and the enterprise required to state a claim under RICO. Because Plaintiff has failed to show in its Opposition any allegations involving Defendants that could support a claim for RICO, Plaintiff should not be allowed leave to amend.

### E. The Ninth Claim for "Declaratory and Injunctive Relief for Violations of California Business & Professions Code § 17200, et seq." Fails

In the Opposition, Plaintiff attempts to maintain his claim of an alleged violation of California *Business & Professions Code* § 17200 ("Section 17200") by asserting that there were "numerous violations of TILA, i.e., submission of fraudulent documents in a mortgage loan." *See* Opposition, 17:8-11. Because this claim under

Section 17200 is predicated on violations of TILA, this claim is also barred by the one-year statute of limitations as detailed above.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to dismiss Plaintiff's FAC in its entirety, with prejudice, as to RVL, A. Levy, L. Levy, Taitz and Druian. Further, RVP respectfully requests the Court to dismiss all claims asserted in the FAC against RVP with prejudice.

DATED: February 15, 2019

ALVARADOSMITH
A Professional Corporation

By: /s/ Jacob M. Clark
S. CHRISTOPHER YOO
JACOB M. CLARK
Attorneys for Defendants
REAL VALUE PROPERTIES, LLC,
REAL VALUE LOANS, LLC, ALAN
LEVY, LEONARD LEVY, BRANDON
TAITZ and JUSTIN DRUIAN

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

Jose F. Alfaro v. Real Value Properties, LLC, et al.
Case No. 5:18-cv-01756-GW (SPx)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Suite 200, Santa Ana, CA 92707**.

On February 15, 2019, I served the foregoing documents described as:

**REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND MOTION TO STRIKE** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐ **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed in the Service List.

☒ **BY OVERNIGHT MAIL:** I deposited such documents at the GSO Overnight or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 15, 2019, at Santa Ana, California.

/s/ Suzanne St. Clair
Suzanne St. Clair

PROOF OF SERVICE

1

4697433.1 -- N1728.2SB

**SERVICE LIST**

Jose F. Alfaro v. Real Value Properties, LLC, et al.
**5:18-cv-01756-GW (SPx)**

| | |
|---|---|
| JOSE F. ALFARO<br>559 Elm Park Avenue<br>Rialto, CA  92376 | Plaintiff in Pro Per<br>Telephone:  (909)213-9392 |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

PROOF OF SERVICE

2

4697433.1 -- N1728.2SB